# EDGAR S. HEATON

### *v.*

## ABRAHAM S. PRATHER *et al.*

1. RECORDING OF DEEDS—*effect of destruction of record.* The constructive notice afforded by the recording of instruments entitled to record, is the same where the records have been subsequently destroyed as where they remain intact.

2. SAME—*as to subsequent deeds.* A mortgagee is not bound to take notice of the recording of deeds made subsequent to his mortgage.

3. SAME—*record of trust deed, as affording notice of what may be done under the power.* The record of a trust deed gives notice of its existence to subsequent claimants of the equity of redemption, and points out the source of information of what may be done in pursuance of the deed, and such subsequent claimants are bound to take notice of the proceedings thereunder.

4. NOTICE—*of unrecorded deed, what constitutes.* Whatever is sufficient to put a purchaser of land on inquiry is sufficient notice of an unrecorded deed.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was a bill in chancery, by Edgar S. Heaton, against Abraham S. Prather, Albert Cooper and John T. Matthews, to redeem from a deed of trust. The facts of the case necessary to an understanding of the points decided are stated in the opinion of the court.

Mr. S. P. McCONNELL, for the appellant.

Mr. FREDERIC ULLMAN, for appellee Cooper; Messrs. McCOY & PRATT, for appellees Prather and Matthews.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a bill, by the appellant, against the appellees, to redeem from a certain deed of trust in the nature of a mortgage. The court below decreed in favor of appellees, denying the prayer and dismissing the bill.

The facts involved are not controverted, and are, briefly, these: On the 11th of February, 1869, Henry H. Walker executed a deed of trust, in the nature of a mortgage, with power of sale, to the appellee Prather, of certain lands of which he was owner, which was duly recorded July 12, 1869. On the 25th of June, 1874, Prather sold the land, pursuant to the power, to the appellee Matthews, and executed a deed therefor to him on the same day, but which was not recorded until the 11th day of November, 1874. On the 6th day of March, 1875, Matthews sold and conveyed a portion of the land to the appellee Cooper, whose deed was at once recorded.

On the 2d day of November, 1871, Henry H. Walker conveyed that portion of the property described in his deed of trust to Prather, now in controversy, to Samuel J. Walker, the deed for which was recorded the 18th of November, 1871, and on the 2d of July, 1873, Samuel J. Walker sold and conveyed the same property to Henry E. Pickett, whose deed was recorded January 21, 1874. On the 2d of July, 1873, Henry E. Pickett executed a deed of trust on the same property to John G. Rogers, to secure the payment of two promissory notes, of $14,000 each, to Samuel J. Walker. These notes Walker sold and assigned to O. B. Heaton, who purchased without notice, in fact, of the Prather deed of trust. On the 23d of September, 1874, Rogers, pursuant to the power in the deed to him, sold the property to the complainant, and, on the same day, executed a deed to him. When complainant purchased, he had no notice, in fact, of the Prather deed of trust, nor of the sale thereunder to Matthews.

The bill contained an allegation, the truth of which was admitted, that the records of Cook county were destroyed by fire on the 9th of October, 1871, and, also, that when O. B. Heaton purchased the notes from Samuel J. Walker, he had the written opinion of an attorney of excellent reputation, that the title to the property conveyed by the deed of trust to Rogers was good in Henry E. Pickett, and free from all incumbrances, and that he relied on this opinion, and had no other examination made of the record, and that complainant likewise relied on

this opinion when he purchased at the sale made by Rogers. These circumstances, however, we regard of no importance in the present inquiry. The constructive notice afforded by the recording of instruments entitled to record, is, as we have held in a number of cases, the same where the records have been subsequently destroyed, as where they remain intact; and the fact that the Heatons relied, in making their respective purchases, on the opinion of an attorney of good reputation, only goes to show that they had no knowledge in fact, as contradistinguished from constructive knowledge, of the condition of the record affecting the title to the property. This is conceded by counsel for appellees, and is not an element in the case.

It will have been observed that the sale by Rogers to complainant was after the sale by Prather to Matthews, but sometime before Matthews placed his deed on record, and appellant, conceding that he purchased with constructive notice of Prather's deed of trust, insists, however, that he did not purchase with notice, either actual or constructive, of Prather's deed vesting an absolute title in Matthews, and that he is, therefore, entitled to treat appellees as holding the title precisely as Prather did before his sale.

It is not to be denied, as contended by counsel for appellees, that the mortgagee is not bound to take notice of the registry of deeds made subsequent to his mortgage; but that does not touch the point at issue. That such is the law, is conceded by counsel for appellant, and he does not seek to deprive the mortgagee of any rights vested in him, as such, by the deed, but he insists that appellees have only the rights of mortgagees. Appellees, however, insist, that they are not mortgagees, but purchasers in good faith from the trustee, of the absolute title. The only question, therefore, is, was the record of the deed of trust to Prather sufficient notice to put parties on inquiry as to whether there had been a sale pursuant to the terms of the power in the deed?

This precise question was before us in *Farrar* v. *Payne et al.* 73 Ill. 82, and again on petition for rehearing, Sept. term, 1874, ibid. 89, and we there held the notice was sufficient. It was

said: "The record of the trust deed gave notice of its existence to subsequent claimants of the equity of redemption, and pointed out the source of information of what might be done in pursuance of the deed, and they were bound to take notice of the proceedings thereunder." It was also held in *Rupert* v. *Mark*, 15 Ill. 540, and *Hankinson* v. *Barbour*, 29 id. 80, that whatever is sufficient to put a purchaser of land on inquiry, is sufficient notice of an unrecorded deed.

It follows that appellant was not entitled to redeem, and there is no error in the decree of the court below. It will, therefore, be affirmed.

*Decree affirmed.*