## In re Estate of Peter Therens, Deceased.
## On appeal of Clement Therens et al., Appellants, v. Cecelia M. Therens, Administratrix, Appellee.

### Gen. No. 19,919.

1. EXECUTORS AND ADMINISTRATORS, § 428*—*right of defendant not served to vacate decree to sell land for payment of debts.* Section 19 of the Chancery Act, J. & A. ¶ 899, giving a defendant not served three years within which to vacate a decree against him, is not applicable to a petition by an administratrix to sell land for the payment of debts.

2. EXECUTORS AND ADMINISTRATORS, § 458*—*right of redemption.* There is no right of redemption from a sale made on a petition by an administrator to sell land to pay debts.

3. PROCESS, § 41*—*right to service by copy of bill.* In a proceeding by an administrator to sell land to pay debts, service cannot be made on a defendant by copy of the bill as in chancery.

Appeal from the Probate Court of Cook county; the Hon. CHARLES S. CUTTING, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 13, 1914.

BRADLEY, HARPER & EHEIM, for appellants.

HOLDOM, MANIERRE & PRATT, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mr. Justice Baker delivered the opinion of the court.

Appellants, defendants to a petition by appellee as administratrix to sell the real estate of her intestate, who were served by publication, but who claim that they did not in fact get the notice which the law provided should be mailed to them, filed their petition in the Probate Court three days less than three years after the decree of sale was entered, praying for leave to answer the petition of the administratrix. On motion of the administratrix the petitions were stricken from the files, and from such order this appeal is prosecuted.

The contention of appellants is that because section 101 of the Administration Act (J. & A. ¶ 150) provides that, "the practice in such cases shall be the same as in cases in chancery," the proceedings by the administratrix to sell real estate was, in effect, a suit or proceeding in chancery, and the provisions of section 19 of the Chancery Act (J. & A. ¶ 899), that when a defendant to such suit or proceeding has not had notice thereof he may within three years petition to be heard touching the matter of such decree, etc., are applicable to such petition.

With this contention we are unable to concur. The proceeding to sell real estate is a purely statutory proceeding and governed by the provisions of the Administration Act. That act contemplates a sale within the one year allowed for the payment of debts. From such a sale there is no right of redemption, while there is a right to redeem from a sale under a decree of foreclosure for the payment of money, or the enforcement of a mechanic's lien. In chancery, service may be made by copy of bill, but not in a proceeding to sell real estate to pay debts under the Administration Act.

We think the Probate Court properly held that section 19 of the Chancery Act could not be read into or held to be a part of the Administration Act, and that

316        APPELLATE COURTS OF ILLINOIS.

the petition of appellants was properly stricken from the files, and the order appealed from is affirmed.

*Affirmed.*