(No. 19729.

ROBERT SEBASTIAN, Appellant, *vs.* JOHN GORĘCKI *et al.* Appellees.

*Opinion filed April 17, 1930—Rehearing denied June 5, 1930.*

JOHN N. JACOBSEN, JR., and CHARLES P. R. MACAULAY, for appellant.

SCHNACKENBERG & HANSEN, (ELMER J. SCHNACKEN-BERG, of counsel,) for appellees.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Appellant filed a bill in the superior court of Cook county against John Gorecki and Charles E. Graydon, the latter the sheriff of Cook county, to restrain the sheriff from selling certain Chicago real estate claimed by complainant to be owned by him, and to remove as a cloud on his title a levy made by the sheriff by virtue of an execution obtained by Gorecki against a former owner of the property. A preliminary injunction was issued when the bill was filed. Defendants demurred generally to the bill. The demurrers were sustained and complainant elected to stand by his bill. The temporary injunction was dissolved and the bill dismissed for want of equity. Complainant has prosecuted this appeal.

In brief the facts are, as alleged in the bill, that in October, 1923, Frances Glomski and her husband, owners of the property, mortgaged it to a building and loan association for $3000, which loan will be hereafter referred to as the senior encumbrance. In November, 1923, the Glomskis conveyed the property, subject to the senior encumbrance, to Sieczkowski and wife. On November 30, 1923, the Sieczkowskis conveyed the premises by trust deed to Max S. Weber to secure a note for $4600, due on or before

December 30, 1924. On January 16, 1924, the Sieczkow-skis conveyed the property, subject to both encumbrances, to Stanley Weber and Franciszka Weber, his wife. On April 8, 1925, the holder of the notes secured by the junior encumbrance filed a bill to foreclose said encumbrance, making the Sieczkowskis, the makers of the notes, Max S. Weber, the trustee, and Stanley and Franciszka Weber, the then owners of the fee, defendants. After summons was served Stanley Weber and his wife on July 15, 1925, conveyed the property back to the Sieczkowskis, and on July 3, 1926, the Sieczkowskis conveyed the real estate to Janina Weber, the wife of Max S. Weber, and she became the owner in fee subject to both the senior and junior encumbrances. On January 6, 1927, the building and loan association filed its bill to foreclose the senior encumbrance. A decree was entered February 19, 1927, foreclosing the junior encumbrance and the property was ordered sold. The sale thereof was made March 31, 1927, and at the sale appellant, a stranger to the proceeding, bought the property for $8730, which he paid to the master. A certificate of sale was issued to appellant and a duplicate recorded. The day after the sale he went into possession, and ever since has been in the open, exclusive and peaceable possession. On June 4, 1927, the court entered a decree of foreclosure of the senior encumbrance, and the property was sold by the master to appellant pursuant to that decree, who paid $3208.28. A certificate of sale was issued to appellant, a duplicate thereof was recorded, and he has been the holder of the certificate ever since. On July 1, 1928, no redemption having been made from the sale under the junior encumbrance, the master issued a deed to appellant. He was then in possession and claimed to own all interest in the premises of all the parties to the foreclosure of the junior encumbrance, and also held a certificate of sale on foreclosure of the senior encumbrance. On September 28, 1928, Gorecki had possession of a certain principal note for

$11,000, dated December 15, 1924, and payable on or before five years after date, signed and endorsed by Franciszka and Stanley and Max S. Weber. It had been sold to Gorecki by Max S. Weber for certain securities owned by Gorecki worth $11,050.10. Max S. Weber represented the note was secured by a first mortgage on certain Chicago property worth more than $11,000, and, relying on Weber's representation, Gorecki took the note in exchange for his securities, but the Weber note was not secured by trust deed or mortgage on said premises and nothing was ever paid on it. On September 28, 1928, Gorecki and Janina Weber (wife of Max S. Weber) entered into a written agreement providing that Gorecki should deliver to the Chicago Title and Trust Company the note which he got from Max S. Weber, and Mrs. Weber should give him her judgment note for $15,000, payable on demand; that Gorecki should immediately confess judgment on the note, and as judgment creditor of Mrs. Weber have execution levied on the premises here involved, which had been sold to Sebastian, the appellant, at the master's sale on June 30, 1927, under the decree of the court in the senior encumbrance foreclosure, and that Gorecki should redeem from said foreclosure sale; that the judgment should not be enforced against or be a lien on any other property or effects. Pursuant to that agreement Gorecki delivered to the title and trust company the note which had been obtained by him from Max S. Weber, Mrs. Weber gave Gorecki her judgment note for $15,000, he took judgment thereon against her, and execution was sued out on the judgment and delivered to the sheriff. Gorecki informed the sheriff he desired to redeem the premises from said sale and paid the sheriff $3447.83. On October 1, 1928, Sebastian recorded the deed of the master of the circuit court which had been given him July 1, 1928, conveying the premises to him pursuant to the sale under the decree on the junior encumbrance. The sheriff recorded the certificate of re-

demption on October 2, 1928, and on October 5 published notice of sale to be held on October 30, 1928, pursuant to the redemption, but the sale was restrained by the temporary injunction in this case.

It is the contention of appellant that there having been no redemption from the sale under the junior encumbrance he became the owner of the equity of redemption, and being the purchaser at the sale under the senior encumbrance, and still being the holder of the certificate of said sale and in open possession of the property, he intended to become, and did become, the owner of the property free from all encumbrances and no right to redeem from him remained to anyone. It is also alleged that section 20 of the Judgment act is contrary to the constitution; that the statute has been misconstrued in permitting persons who have no interest in the property to redeem from a mortgage sale; that the judgment confessed by Janina Weber in favor of Gorecki was not rendered upon any *bona fide* indebtedness and may be impeached collaterally; that the amount paid by Gorecki to the sheriff to redeem was insufficient and the redemption void.

For the sake of clarity we recapitulate in brief the outstanding facts. The owners of the property mortgaged it to the building and loan association and then conveyed it to another, who executed a trust deed thereon to Max S. Weber to secure a note for $4600. By *mesne* conveyances the title, subject to both senior and junior encumbrances, passed to Janina Weber, Max S. Weber's wife. Max S. Weber sold Gorecki certain notes which he represented were secured by a mortgage but which were not, in fact, secured. Gorecki sought to recover his money, and the wife of Weber agreed to, and did, execute to Gorecki her judgment note for $15,000 under an agreement with Gorecki that he might confess judgment on the note and levy on the premises as a judgment creditor of Mrs. Weber; that the judgment should not be enforced against or be a

lien on any other property or effects of Mrs. Weber. Gorecki delivered to the Chicago Title and Trust Company, pursuant to the agreement with Mrs. Weber, the notes which her husband had traded to him under the representation that they were secured when they were, in fact, not secured. Gorecki took judgment against Mrs. Weber by confession. Execution was sued out and delivered to the sheriff, and he redeemed from the sale made to appellant under the senior encumbrance. The bill prayed that the sheriff be restrained from selling the real estate belonging to appellant and for removal as a cloud on his title of the levy which had been made by the sheriff by virtue of the execution obtained by Gorecki.

It will be observed that the bill to foreclose the junior encumbrance was filed, a decree was rendered and a sale of the property had before there was any decree or sale under the foreclosure of the senior encumbrance, although the bill was filed to foreclose the senior encumbrance before the decree was rendered on the junior encumbrance. Appellant bought at the master's sale under both decrees and paid the amount of the decrees. After purchasing under the foreclosure decree of the senior encumbrance appellant did nothing to indicate an intention or attempt to redeem as the holder of the deed under the junior encumbrance. He was in possession of the property, and contends the master's deed under the junior foreclosure and his certificate of sale under the senior encumbrance foreclosure constituted a merger, which excused redemption. This we do not understand to be correct. (*Williams* v. *Williston,* 315 Ill. 178; *Hack* v. *Snow,* 338 id. 28.) Janina Weber was the owner of the equity of redemption, subject to the two encumbrances. She had the right to redeem from the sale under the senior encumbrance, and so had a judgment creditor of hers. Gorecki became such judgment creditor and had a right to redeem. The note of Mrs. Weber to Gorecki was not void or without consideration. (*Young* v.

*Graff,* 28 Ill. 20; *Edwards* v. *Schoeneman,* 104 id. 278; 8 Corpus Juris, 221.) There are other authorities which might be cited to sustain the proposition. The agreement that Gorecki should take judgment against Janina Weber and redeem from the sale under the senior encumbrance did not render the transaction invalid. *Kerr* v. *Miller,* 259 Ill. 516; *Kufke* v. *Blume,* 304 id. 288; *Strauss* v. *Tuckhorn,* 200 id. 75.

Section 20 of the Judgment act, (Smith's Stat. 1929, p. 1754,) permitting a judgment creditor to redeem property from sale after the expiration of twelve months and within fifteen months after such sale, has substantially been in force since 1841 and never has been held unconstitutional or invalid. Neither do we think it has been misconstrued by the courts in the past. *Ohnesorge* v. *Chicago City Railway Co.* 259 Ill. 424.

The briefs of counsel are extensive and have discussed the whole subject of redemption, but we think the foregoing statement will make clear the situation in this case.

The deposit in escrow with the Chicago Title and Trust Company by Gorecki of the notes obtained from Weber was for a valid consideration, and the deposit passed from Gorecki the right to recall the same. *Fitzgerald* v. *Allen,* 240 Ill. 80; *Stanley* v. *Valentine,* 79 id. 544; *Burnap* v. *Sharpsteen,* 149 id. 225; *Stone* v. *Duvall,* 77 id. 475.

It is contended by appellant that Gorecki's deposit of redemption money with the sheriff was fifty-three cents less than the amount which he should have deposited. Appellant makes a rather extensive argument on this assignment of error as to how the interest should have been computed. Without saying that appellant is right in his figures, we think the doctrine of the maxim *de minimis non curat lex* should be applied. *Freese* v. *Glos,* 248 Ill. 280.

Without further discussion we are of opinion the demurrer was properly sustained, and the decree is affirmed.

*Decree affirmed.*