(No. 27485.—

ANNA BRASSARD MUIR, *vs.* ANNA MIERWIN *et al.*, Appellees.—(STELLA BLAKE *et al.*, Appellants.)

*Opinion filed January 18, 1944.*

C. M. GRANGER, and V. A. PARISH, both of Kankakee, for appellants.

SAMUEL H. SHAPIRO, of Kankakee, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

June 8, 1931, Anna Mierwin, owner of a farm of 160 acres in Kankakee county, executed her promissory note for $1000, due two years after date, with interest at seven per cent, and secured its payment by a trust deed in the nature of a mortgage. Subsequently, Anna Brassard Muir became the owner of the note. Default was made in the payment of principal at maturity and no interest having

been paid, the plaintiff, Anna Muir, in 1935, instituted an action to foreclose the trust deed in the circuit court of Kankakee county. During the pendency of the foreclosure proceedings, July 9, 1936, Anna Mierwin died and her heirs-at-law, her nine children, were substituted as defendants. In the meantime, on March 8, 1934, Anna Mierwin had conveyed the property to eight of her nine children to the exclusion of her daughter, Anna Bukowski. The deed was made subject to the incumbrance which was made chargeable against the shares of the grantees in the following manner: the mortgage indebtedness was first made a charge against the share of the grantor's son John; second, if the share of John proved insufficient to satisfy the incumbrance, any deficiency was made chargeable against the share of the son Frank; third, if the shares of John and Frank together were insufficient to pay the incumbrance, any deficiency was made chargeable against the share of her son George, and fourth, if the shares of John, Frank and George were insufficient, any deficiency was made chargeable against the shares of the other five grantees, namely, the daughters, Helen, Mary, Kate, Stella and Josephine.

By the decree rendered on October 7, 1937, $1437.69 was found owing to plaintiff and the property ordered sold. A special master in chancery sold the property, as directed, on October 3, 1938. Stella Wilkin and Mary E. Novack, two of Anna Mierwin's children, purchased the land for $2950, an amount considerably in excess of the mortgage indebtedness found due to plaintiff, and received a certificate of purchase. On October 13, 1938, the master requested an order directing him to distribute the proceeds of the sale, so far as relevant, as follows: to plaintiff, $1487.57; to two attorneys to whom seven of Anna Mierwin's children had assigned all their interest in the proceeds of the sale up to the amount of $515, the sum named, and the

remainder of $687.03 to the nine children. An order of distribution was entered on the same day, namely, October 13, 1938, as sought. The next day, October 14, Stella Wilkin and Mary E. Novack filed a petition to set aside the order of October 13, making the allegations, among others, that the amount of the mortgage indebtedness already paid out of the proceeds of the sale, was chargeable against the shares of John, Frank and George Merwin and that, in consequence, they no longer had any interest in the remaining proceeds of the sale; that the sum of $515 paid to the attorneys was paid out of the shares of Helen Bukowski, Kate Hess and the two petitioners and that Josephine Martin's share in the monies in the hands of the master should be charged with a lien in the amount of $103 in favor of her four sisters, the balance to be divided among the five, namely, Helen, Kate, Josephine and the petitioners.

So far as the record discloses, the proceedings were held in abeyance until July, 1941, when Stella Wilkin and Mary E. Novack made a motion alleging that, no redemption having been made from the sale of October 3, 1938, they had tendered the certificate of purchase to the master and offered to pay him his statutory fees but he had failed and refused to issue and deliver a deed, as requested, informing them he would do so only upon receiving further directions from the court. The relief asked was the issuance of an order directing the master to execute and deliver a proper master's deed upon the surrender of the certificate of purchase and payment of his costs. Upon a hearing on July 10, 1941, the master testified that on September 19, 1939, George Merwin, Josephine Martin and Kate Hess each paid him $386.95 as redemption money. Helen Bukowski paid him $351.95 on September 19, and an additional $35 on September 23. Anna Bukowski paid him $343.90. The master stated that he had not issued a

certificate or certificates of redemption, that he had not paid out any of the money received from the redemptioners to Stella Wilkin or Mary Novack, deeming himself a stakeholder, awaiting the direction of the court with respect to distribution of any sums in his hands. He added that he had discussed the matter of issuing a certificate of redemption with two judges of the circuit court who advised him not to pay out any money pending the hearing of the petition for a. master's deed. On October 30, 1941, the chancellor disposed of the motion to distribute the sum of $687.03 held by the master and, also, the motion of Stella Wilkin and Mary Novack to execute and deliver to them a deed. An order was entered directing the master to distribute the sum named to five daughters of Anna Mierwin, namely, Helen Bukowski, Kate Hess, Josephine Martin, Mary Novack and Stella Wilkin and, further, upon payment of his statutory fees, to execute and deliver to Stella Wilkin and Mary Novack, as holders of the certificate of purchase, a deed conveying the property involved in the foreclosure proceedings. George Merwin, Josephine Martin, Kate Hess, Helen Bukowski and Anna Bukowski prosecuted an appeal to the Appellate Court for the Second District. The Appellate Court reversed the decree. We have allowed the petition for leave to appeal of Stella Wilkin (now Stella Blake) and Mary Novack.

Section 18 of the Judgments Act (Ill. Rev. Stat. 1943, chap. 77, par. 18,) provides for redemption from a sale pursuant to a decree of foreclosure by paying to either the purchaser or the master, for the purchaser's benefit, the sum of money for which the premises were sold, together with interest thereon at the rate of six per cent per annum, from the date of the sale, whereupon the sale and certificate shall be void. Section 19 makes it the duty of the person from whom the redemption takes place, to make out an instrument evidencing the redemption, to be recorded

at the expense of the party redeeming. Section 26 provides that any joint owner or a decree or judgment creditor of such joint owner may redeem his interest from an execution or decree sale by payment of the proportionate amount which would be necessary to redeem all of the land sold. Redemption of an undivided interest, under section 26, is permissive. (*Harper* v. *Sallee,* 376 Ill. 540; *Hruby* v. *Steinman,* 374 Ill. 465; *Schuck* v. *Gerlach,* 101 Ill. 338.) George Merwin, Josephine Martin, Kate Hess and Helen Bukowski each owned an undivided one-eighth interest in the mortgaged property and were entitled to redeem their respective interests. Anna Bukowski was not named as a grantee in the deed of March 8, 1934, and consequently, was not entitled to redeeem. The decisive question is whether George Merwin, Josephine Martin, Kate Hess and Helen Bukowski satisfied the statutory requirements so as to effect a redemption of their undivided interests in the property. The sum of $386.95 was tendered by each of the four persons last named as their fractional portion of the purchase price, with interest computed at five per cent per annum instead of six per cent per annum. Further, the sum did not include any amount representing master's fees or recording fees. Tender of their respective portions of the purchase price with interest at five per cent was not a compliance, substantial or otherwise, with the statutory provision which fixes the rate of interest at six per cent. If a tender of redemption money with interest computed at five per cent is sufficient, no reason suggests itself why a tender with interest calculated at one per cent, or, indeed, without interest, would not likewise suffice. The master, being a ministerial officer of the circuit court of Kankakee county, was without authority to issue a certificate of redemption for the adequate reason that the amount tendered was insufficient. (*Bolter* v. *Kozlowski,* 211 Ill. 79; *Hards* v. *Burton,* 79 Ill. 504.) So far as the record discloses, the

master informed only the circuit court judges of the attempted redemption. He accepted the money tendered, retaining it, pending directions as to its disposition.

The fact that the master had other money in his hands, the undistributed balance of the proceeds of the foreclosure sale, eventually adjudged to belong, among others, to Josephine Martin, Kate Hess and Helen Bukowski, does not aid them. On the day when they made their tender, namely September 19, 1939, the rights to this money had not been decided and were not settled until October 30, 1941, when final disposition was made of the matter. In this connection, by the order of October 30, 1941, directing the master to distribute the funds in his hands, no part of this money was found owing to George Merwin. Apart from the fact that the master could not and did not assume to determine to whom the remainder of the proceeds from the sale belonged, Anna Bukowski owned no part of the equity of redemption and was not entitled to redeem, and George Merwin, the chancellor decided, was not entitled to any part of the funds in the master's hands. So far as Josephine Martin, Kate Hess and Helen Bukowski, are concerned, section 18 of the Judgments Act requires redemption to be made in cash and makes no provision for payment in any other manner. It follows that the right to redeem enjoyed by these three could not be exercised wholly or partially by offsets against funds in the master's hands, particularly where, as in the present case, ownership of these funds had not been adjudicated when the tenders of redemption money were made.

The judgment of the Appellate Court is reversed, and the decree of the circuit court of Kankakee county is affirmed.

*Judgment of Appellate Court reversed;*
*decree of circuit court affirmed.*