(No. 36040.

John C. Weiner *vs.* Arthur D. Jobst *et al.,*—(Edward
G. Smith, Appellee, *vs.* Western National Bank of
Cicero, Appellant.)

*Opinion filed January 20, 1961.—Rehearing denied March 29, 1961.*

Schaefer, C.J., and Klingbiel and House, JJ., dissenting.

James F. Lyons, of Chicago, for appellant.

Robert N. Lipschultz, Charles C. Lipschultz, and Howard B. Bryant, all of Chicago, for appellee.

Mr. Justice Bristow delivered the opinion of the court:

On May 7, 1957, the circuit court of Cook County entered a decree foreclosing the lien of certain special assessments of the town of Cicero. Edward G. Smith made the highest cash bid at the sale held pursuant to the decree on May 23, 1957, deposited $827, the amount of his bid, with the county treasurer, and a certificate of purchase was issued to him. Thereafter, upon leave granted, Smith filed a verified petition alleging that on March 30, 1959, James F. Lyons attempted redemption and that Lyons had no redeemable interest. The relief sought was that the redemption be set aside and the clerk of the county court be directed to return the sum of $1,292.89 deposited with him by Lyons and that the attempted redemption be expunged from the records of the county clerk. Lyons answered, evidence was heard, and an order was entered expunging the redemption. The motion of Western National Bank of Cicero, as trustee under trust No. 982, by Lyons, its agent and attorney for the beneficiary of the trust, to vacate the order expunging the redemption was denied. The bank prosecutes this appeal from that order. A freehold is necessarily involved.

By his answer to the intervening petition, Lyons admitted that he did not personally claim a redeemable interest in the property, averring that, as agent of the Western National Bank of Cicero, trustee under trust No. 982, and as attorney for the beneficiary under the trust, he made the

challenged redemption. The answer sets up a chain of title showing that Jacob Jacobson and his wife, Ida, acquired title to the real estate in 1932, and that the deed was recorded; that on March 16, 1937, Jacobson and his wife conveyed the property to Liberty National Bank of Chicago, as trustee under trust No. 2208; that thereafter the Liberty National Bank, as trustee, reconveyed to Jacobson and his wife, and that the deed was not recorded; that in 1951 Jacobson and his wife conveyed the property to Mary Chelma, by a deed which was recorded; that, thereafter, on December 2, 1954, Mary Chelma, then Mary Chelma Joseph, and her husband, Paul Joseph, conveyed the property to Western National Bank of Cicero, as trustee under trust No. 982; that, in December of 1959, Lyons learned for the first time from an opinion of title that Jacobson had, by inadvertence and mistake, failed to cause the deed which he received in March of 1937 from the Liberty National Bank, as trustee under trust No. 2208, to be recorded; that steps were being taken to obtain a duplicate of the deed, remedying the objections in the opinion of title and showing title to the property in the name of Western National Bank of Cicero, as trustee under trust No. 982; that, as agent and attorney, Lyons, in addition to paying the county clerk $1,249.44 for redemption, paid to him the additional sum of $438.21 for redemption of the real estate taxes for the years 1947 to 1955. Lyon's answer concluded that the Western National Bank of Cicero, as trustee under trust No. 982, had a redeemable interest in the real estate, on behalf of the beneficiary under the trust. Concluding averments are that Smith waited several months after the redemption made on March 30, 1959, and until the beneficiary under trust No. 982 was attempting to place the real estate back on the rolls of taxable property, while knowing of the redemption from the special assessment sale, before attempting to set aside the redemption from the sale.

On April 14, 1960, the court entered an order finding

that Smith was the purchaser at the sale of the real estate and that Lyons had no interest entitling him to redeem. The decree adjudged that the attempted redemption be expunged on the records of the county clerk and that the redemption money deposited by Lyons be returned to him.

Thereafter, on April 29, appellant, by Lyons, its agent, and attorney for the beneficiary of the trust, made a motion and filed a petition to vacate the order of April 14 and to set aside the issuance of the tax deed. The petition narrates the prior proceedings and adds that the redemption was made on March 30, 1959, within two years from May 23, 1957; that a tax deed was issued to Smith on April 14, 1960, and recorded four days later; that, on April 18, 1960, a duplicate trustee's deed was issued by the Liberty National Bank, as trustee under trust No. 2208, to replace the original deed issued on May 7, 1937, to Jacob Jacobson and his wife, Ida, and that the duplicate deed was recorded on April 21, 1960. The petition averred that by the issuance of this deed, the conveyances made by Jacobson and his wife to Mary Chelma and the conveyance by her to appellant vested good title in it as of the date of the issuance of its deed on December 2, 1954, and that, accordingly, at the time of redemption it had a redeemable interest.

To obtain a reversal, the appellant, Western National Bank of Cicero, contends that it had a redeemable interest in the property by reason of the deed from Mary Chelma Joseph and her husband, Paul, dated December 2, 1954, conveying the property to it, and that the recordation of a duplicate trustee's deed, dated May 7, 1937, conveying the property from Liberty National Bank to Jacob Jacobson and his wife, Ida, on April 21, 1960, not only gave it a redeemable interest, which it already had, but also a complete and merchantable title to the property. The appellee, Smith, maintains that Lyons, who attempted to redeem from the foreclosure sale, had no redeemable interest of any kind in the real estate at that time; that the title

records further disclose that appellant had no redeemable interest since it had no record title at the time of redemption and did not receive it until after the order expunging the redemption was entered and more than one year after the time for redemption had expired.

Section 5 of article IX of the constitution provides, in part: "The right of redemption from all sales of real estate for the non-payment of taxes or special assessments of any character whatever, shall exist in favor of owners and persons interested in such real estate, for a period of not less than two years from such sales thereof." Implementing the constitutional provision, section 253 of the Revenue Act, so far as relevant, provides: "Real property sold under the provisions of this Act may be redeemed at any time before the expiration of two years from the date of sale, by payment in legal money of the United States to the county clerk of the proper county, the amount for which the same was sold, together with the amount of the penalty bid at such sale." Ill. Rev. Stat. 1959, chap. 120, par. 734.

Under the applicable constitutional and statutory provisions, a stranger to the record title has no right to redeem. (*People* v. *Hess,* 7 Ill.2d 192; *Conkey* v. *Rex,* 212 Ill. 444.) Appellant maintains, however, that the constitutional and statutory provisions do not require complete legal title to redeem, but only an undefined "interest" in the real estate. Reliance upon the statement in *People* v. *Hess* that complete legal title to redeem is not necessary, but only an undefined "interest" in the real estate, does not aid appellant for the reason that when the attempted redemption was made, Lyons had no interest of record in the property. And admittedly, he has never had any personal interest in the property but was, instead, a complete stranger to the chain of title. The period of redemption expired on May 23, 1959. Appellant did not have title to the property in question and could obtain title only through an unrecorded

deed. The petition to vacate the order of April 14, 1960, shows that completion of the record chain of title in appellant was too late. A duplicate trustee's deed was issued on April 18 and recorded April 21, 1960. In short, appellant was a stranger in the chain of title and did not have good record title until after the order of April 14, 1960, setting aside the redemption by Lyons, the issuance of the tax deed to Smith and its recording. Good title was not established in the bank until after Smith, the purchaser at the foreclosure sale, had completed his title.

*Franzen* v. *Donichy,* 9 Ill.2d 382, holding that a contract purchaser is entitled to redeem, does not support appellant. In *Franzen,* we stated: "One who seeks to establish the existence of a lost deed by parol testimony must bear the burden of making such proof in a clear and conclusive manner. Deeds are evidence of title, and if they are lost public policy demands that proof of their former existence be strong and conclusive."

By several contentions appellant insists that equities favor its position. First, it urges that Smith, by his purchase at the foreclosure sale became entitled to no more than the redemption money. It is pointed out that Smith waited from the date of redemption on March 30, 1959, until January 29, 1960, before filing his petition to expunge the redemption, at which time he knew that the property was then salable, desiring "to then secure this valuable property for the small amount of his bid at the tax sale." These statements find no support in the record. Neither the pleadings nor the evidence even suggest the value or salability of the property. Similarly, appellant's assertions with respect to Smith obtaining a greater profit by the sale of the property lack substantiation in the record.

Appellant next invokes the familiar rule that redemption, although a statutory privilege and to be exercised in substantial compliance with the statute, is regarded with

favor, and that unless injury is the result to the purchaser at the sale, redemption laws will be liberally construed. To support its contention that it had a redeemable interest, appellant cites *Houston* v. *Buer*, 117 Ill. 324, holding that color of authority to act for a person entitled to redeem is sufficient. In *Houston*, the redemption was effected with an agent of the purchaser, and the purchaser accepted the money as a redemption. Here, Lyons made his redemption with the county clerk. Notice to the purchaser at the tax foreclosure sale was not given and he did not accept the money. On the other hand, when the purchaser prepared to acquire his deed, he sought to vacate the redemption. Moreover, Lyons made the redemption personally. A concession that he redeemed for appellant would not avail the latter for the adequate reason that it did not have record title until after the conclusion of the proceedings. The right to redeem is statutory and must be exercised conformably to the law, and not otherwise. *Muir* v. *Mierwin*, 385 Ill. 273.

Appellant asserts that knowledge of the fact of appellant's interest was indicated in its answer to Smith's intervening petition to expunge the redemption and again in the petition to vacate the order of April 14, 1960. From this, it contends that a purchaser, who has notice of a prior unrecorded deed, is bound by the terms of the prior unrecorded deed. The authorities (*Myers* v. *Myers*, 167 Ill. 52; *Hardin* v. *Forsythe*, 99 Ill. 312; *Heaton* v. *Prather*, 84 Ill. 330; *Doyle* v. *Teas* 4 Scam. 202) cited by appellant do not sustain its position. It is true, of course, that the pleadings set up appellant's interest in the property. The fact remains, however, that its interest was not established until after the final order of April 14, 1960. The deed establishing appellant's title was not recorded until April 21, 1960. The public records showed no interest of appellant in the chain of title at the time of the foreclosure sale. Smith, the purchaser at the tax foreclosure sale, purchased without notice

of any interest of appellant in the title, and did not receive notice of appellant's claim of title until after the period of redemption had expired.

Section 30 of the Conveyances Act (Ill. Rev. Stat. 1959, chap. 30, par. 29) provides: "All deeds, mortgages and other instruments of writing which are authorized to be recorded, shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers, without notice; and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers, without notice, until the same shall be filed for record."

A creditor who has obtained a lien upon land by virtue of his judgment and execution thereunder occupies the same position with respect to prior unrecorded instruments of writing, or conveyances, as does a purchaser. (*Smith* v. *Willard,* 174 Ill. 538; *Gary* v. *Newton,* 201 Ill. 170.) In *Bauman* v. *Schoaff,* 331 Ill. App. 38, 43-44, the Appellate Court said: "It is also the law that a judgment becomes a lien on all real estate of the judgment debtor appearing of record free from the claims of all other persons of which the judgment creditor had no notice, either actual or constructive, and when there is no such notice of an unrecorded deed, the lien will not be affected by the subsequent recording thereof."

Referring to an earlier Illinois statute, the United States Supreme Court, in *McNitt* v. *Turner,* 83 U.S. 352, observed: "The term 'purchasers' as used in this statute includes purchasers at judicial sales. A deed not filed for record is as to them wholly without effect. It is in all respects, so far as they are concerned as if it did not exist."

In the present case, when Smith, the intervening petitioner, purchased at the tax foreclosure sale and, later, when he filed his petition to vacate the redemption, he had neither actual nor constructive notice of any claim of title by appellant. Upon discovering redemption by a stranger to the

title, he properly proceeded to expunge the redemption. Smith, as purchaser at the tax foreclosure sale, is within the protection of section 30 of the Conveyances Act. Redemption by a stranger to the title, who does not establish any title to the property until after the case is concluded, does not extend the period of redemption and deprive the purchaser of his rights.

The order of May 5, 1960, denying the motion and petition to vacate the order of April 14, 1960, is affirmed.

*Order affirmed.*

Mr. CHIEF JUSTICE SCHAEFER, dissenting:

It is not disputed that Western National Bank of Cicero, as trustee, owned the property in question, and that Lyons redeemed as its agent, and as the agent of the beneficiaries under the trust. The redemption was made in apt time and the proper amount was paid to the county clerk. But because one of the deeds in the bank's chain of title, executed back in 1937, had not been recorded, the redemption is now set aside, apparently because of a supposed requirement that one who redeems must show that he had "good record title."

The opinion refers to the bank as "a stranger to the record title," and " a stranger to the chain of title." It points out that the bank had "no interest of record" and that "completion of the record chain of title came too late." The trouble with all of this is that there is no statutory requirement that one who would redeem from a tax sale must have good record title, and indeed such a requirement would run counter to section 5 of article IX of the constitution which provides that the right of redemption "shall exist in favor of owners and persons interested in such real estate." The only "persons interested" in this real estate were the bank and the persons for whose benefit the bank held title, and Lyons redeemed as their agent. Of course the grantor in the 1937 unrecorded deed could not redeem, for it had no interest in the property.

The result of the court's opinion is that there was no one who could redeem from this tax sale. This harsh and unusual result is reached by citing *People* v. *Hess,* 7 Ill.2d 192, and *Conkey* v. *Rex,* 212 Ill. 444, for the novel proposition that "Under the applicable constitutional and statutory provisions, a stranger to the record title has no right to redeem." Neither case supports that proposition. The *Hess case* did not say anything about a stranger *to the record title.* What it said was this: "We think it clear that a complete stranger *to property* is given no right to redeem * * *." (7 Ill.2d at 197. Italics supplied.) It was there pointed out that the applicable "constitutional and statutory provisions do not require complete legal title." (7 Ill.2d at 197.) In that case title to the property stood in the name of a corporation that had been dissolved, and the man who had owned the stock of the defunct corporation was permitted to redeem from the tax foreclosure. Of course his interest in the property did not appear of record. The *Conkey case* has no bearing upon the problem before us. There Rex sought to establish that a deed absolute on its face was a mortgage, from which he should be permitted to redeem. The court denied his contention because at the time the deed was executed, "Rex had no interest, legal or equitable, which he could assert, in the real estate; and as he had nothing which could be mortgaged, the deed in question cannot be regarded as a mortgage from him to Conkey." 212 Ill. at 455.

The opinion makes it clear that it does not rest upon the fact that the redemption was made by Lyons as the agent of the owners of the property. There is no requirement that an owner redeem in person, and a corporation must act by agent. Long ago, in *Houston* v. *Buer,* 117 Ill. 324, this court upheld a redemption made by an agent who purported to act on behalf of an absent owner who had never authorized the agent to act for him. The court pointed out that the agent acted in good faith, and said: "His effort to save the land for his unheard from expected principal was well

intended, and a very proper act, and we think should be sustained. We are of opinion that he was enough of an agent, in respect to the land, to redeem from the tax sale, and that he did make a valid redemption." (117 Ill. at 329.) In the case before us, Lyons's authority to act for his principals was not disputed.

I do not understand the last four paragraphs of the opinion, which seem to be based on section 30 of the Conveyances Act. (Ill. Rev. Stat. 1959, chap. 30, par. 29.) Apparently the first point sought to be made is that an execution creditor stands in the same position as a purchaser with respect to prior unrecorded conveyances. Then the opinion quotes from *McNitt* v. *Turner,* 83 U.S. 352, to the effect that the term "purchasers" includes purchasers at judicial sales. And finally the conclusion seems to be drawn that the tax buyer is protected from redemption by any one except those persons of whose claims he had actual or constructive notice when he purchased at the sale.

The difficulties with this process of reasoning are obvious. The purchaser at a foreclosure sale does not stand in the position of a judgment creditor armed with execution. The sale involved in *McNitt* v. *Turner,* 83 U.S. 352, was an administrator's sale to pay debts, from which no redemption is permitted. (See *In re Therens' Estate,* 189 Ill. App. 314, aff'd sub nom. *Therens* v. *Therens,* 267 Ill. 592.) The case was not at all concerned with the right to redeem from judicial sales. One who purchases at a foreclosure sale subject to a constitutional and statutory right of redemption, stands in a very different position. Unlike the purchaser in the *McNitt case,* he does not acquire title. What he acquires is "* * * merely a right to receive a deed if the premises are not redeemed." *Klein* v. *Mangan,* 369 Ill. 645, 647; *Hack* v. *Snow,* 338 Ill. 28, 31; *Hooper* v. *Goldstein,* 336 Ill. 125, 135.

A host of cases have held that the owner of the equity of redemption can confess judgment, even after the fore-

closure sale, and that the judgment creditor can redeem. (See, *e.g., Wojcik* v. *Stolecki,* 411 Ill. 443, 446; *Nudelman* v. *Carlson,* 375 Ill. 577, 581; *Sebastian* v. *Gorecki,* 339 Ill. 393, 398-399.) The equity of redemption may be transferred to a stranger after the foreclosure sale, and the stranger can redeem. (*Johnson* v. *Zahn,* 380 Ill. 320.) These instances, in which the redemptioner had no connection with the property until after the sale, are enough to show the obvious unsoundness of the proposition that redemption can only be effected by those whose interests were actually or constructively known to the purchaser at the time of the sale.

In *Franzen* v. *Donichy,* 9 Ill.2d 382, 387, it was held that the grantee of a contract vendee was the holder of an equitable interest in real estate and could redeem from a tax foreclosure. There the contract to convey was not recorded until almost two years after the foreclosure sale had been held. We there said, "Redemptions are looked upon with favor, and unless injury is to result to the purchaser at the sale a liberal construction will be given redemption laws. *Mohr* v. *Sibthorp,* 395 Ill. 418." 9 Ill.2d at 387.

Mr. JUSTICE KLINGBIEL joins in this dissent.

Mr. JUSTICE HOUSE, also dissenting:

I agree with the Chief Justice that the failure of the majority to recognize the distinction between a stranger to the record title and a stranger to the title is a departure from the decided cases of this court and the constitutional mandate as to who may redeem. The position of the majority is even more tenuous in this case however, since the redeemer is a stranger to the record title only because there is a faulty link in the earlier record chain of title.

I see many problems, both administrative and judicial, if we adhere to this concept.