L. N. WILSEY, Appellee, v. JEWETT BROS. & COMPANY, Appellant.

**Personal Injury:** ABATEMENT OF ACTION: ESTOPPEL. In an action
1   for damages for a personal injury, the fact that the plaintiff after commencement of the action was adjudged a bankrupt and procured a discharge as such, but failed to schedule as an asset the claim sued on, did not operate to abate the action nor make an estoppel.

**Negligence:** EVIDENCE. To establish negligence in the owner of
2   a building in maintaining an unguarded elevator opening, resulting in a personal injury, it must appear that the construction and surroundings were such as to render it dangerous, and that the person injured was on the premises either by express or implied invitation, and these are questions for the jury, as well as the question of contributory negligence. Evidence considered and held to support a verdict for plaintiff.

*Appeal from O'Brien District Court.*—HON. JOHN F. OLIVER, Judge.

THURSDAY, JANUARY 21, 1904.

ACTION to recover damages on account of a personal injury. The defendant, a corporation, was engaged at the time in question in conducting a wholesale grocery house in Sheldon. The building in which the business was carried on consisted of two stories and a basement. The first story, or street floor, was divided into an office and a wareroom; the office occupying a part of the front portion, and the remainder of the floor being devoted to the storage of goods. As usual in such houses, the goods kept for sale were in original packages, and the boxes, bags and other receptacles containing the same were piled up on the floor as convenience in the conduct of the business required. The building has two entrances—double doors in front, opening from the street into a hall, from which one door opened into the wareroom, and a large door opening into the wareroom from the alley at the rear of the building. In the wareroom was an elevator, used to elevate goods to the second floor, and to lower goods into the basement. The hole in the floor of the first story, through which the elevator passes in going up and down, is shown to have been about six feet square, and the same was not provided with any guards or barricade. At the time of the accident of which he complains, plaintiff was employed as a clerk by a retail grocery house in Sheldon. He was sent to the business house of defendant for some goods, and entered the building at the alley door. Not seeing any one present, he called to the shipping clerk, who answered from a distant portion of the room, and he then started in the direction from which the answer came, passing on his way around and between the piles of goods situate on the floor. The elevator at the time had been lowered to the basement floor, thus leaving the hole in the first-story floor open and unguarded; and plaintiff walked into such hole, fell to the basement, a distance of about twelve feet, and was injured. There was trial to jury, and verdict and judgment in favor of plaintiff. Defendant appeals.—*Affirmed.*

*W. D. Boies* for appellant.

*Milt H. Allen* and *W. P. Briggs* for appellee.

BISHOP, J.—The petition in this action was filed in February, 1901, and the defendant answered in March, 1901. On May 22d following, and before the case was reached for trial, defendant further answered, setting up in a separate division the following facts: That in March, 1901, plaintiff filed a petition in bankruptcy in the District Court of the United States, and on March 4th was by said court duly adjudged a bankrupt; that the debts scheduled by plaintiff aggregated $882; that he scheduled no property as assets. It is further alleged that in April following plaintiff filed his petition for discharge in bankruptcy, and that he was duly discharged on May 14, 1901. Defendant then says that in such bankruptcy proceedings plaintiff made oath that he had no property, claims, or causes of action which he could assign or transfer to his creditors or to a trustee in bankruptcy, and that his failure to list the alleged claim and cause of action herein sued upon as an asset in said bankruptcy proceedings was willful, and with intent to cheat, wrong, and defraud his creditors; that, having now been discharged as a bankrupt, plaintiff has no legal right to maintain this action or recover therein. It is further said that, in view of the facts now pleaded, plaintiff is estopped from maintaining this action, and from seeking to recover therein judgment against the defendant. To the further answer thus made, the plaintiff interposed a demurrer, based upon several different grounds, and the same was sustained generally. Of such ruling the defendant complains, and assigns error. We think the ruling must be approved. This action was pending at the time the bankruptcy proceedings were instituted, and certainly such proceedings

did not operate to abate the same; nor did the fact that plain-
tiff subsequently failed to schedule the claim
sued upon as an asset have any such effect.

*1. Abatement of action: estoppel.*

Section 3476 of the Code provides that no action shall abate
by the transfer of any interest therein during its pendency,
and new parties may be brought in as necessary. Now, con-
ceding that the claim was properly an asset, and should have
been scheduled, plaintiff still had the right to continue in its
prosecution until deprived of that right by some action on
the part of the bankruptcy court, or the trustee appointed by
it. In point of fact, the answer does not allege that any
trustee was ever appointed, or that any claims were proven
against the bankrupt estate. But aside from this, if there
was any wrong committed in not scheduling the claim, it was
not a wrong done to this defendant. It was in no sense
prejudiced thereby, and there is no principle upon which to
rest a holding that its liability became extinguished by
reason of such fact. If plaintiff procured his discharge in
the bankruptcy court wrongfully, it is for his creditors to
complain, and it is for the bankruptcy court to move in the
direction of righting the wrong. If the claim here made
against the defendant is well founded, the only interest it
can have is in being protected by the result of one judgment,
and the satisfaction thereof. For this purpose the law
makes ample provision. In view of the conclusion thus
reached, having relation to but one of the several questions
made by the demurrer, we need not give attention to any of
the other questions thereby presented.

II. It is contended by counsel for appellant that a di-
rected verdict should have been had upon its motion for the
reasons: (1) That the record fails to show negligence on the
part of the defendant; (2) that the plaintiff
failed to prove that he did not contribute by

*1. Negligence: evidence.*

his own negligence to the accident of which he complains.
We think the motion was properly overruled. Without un-
dertaking to set out the evidence in detail, it will be suffi-
cient to recall attention to the fact that the elevator opening

was wholly unguarded. In addition thereto, there was evidence tending to prove that the wareroom  was but dimly lighted, and that such condition was emphasized by the presence of the goods piled high in tiers or rows upon the floor. Passageways were left between the rows, and the elevator opening was situated in one of these passageways. Taking up now the question of negligence on the part of the defendant, it may be stated as a general rule of law that the owner or occupier of real property is under no obligation to make it safe or to keep it in any particular condition for the benefit of trespassers, intruders, mere volunteers, or bare licensees, coming upon it without his invitation, express or implied. The corollary follows that an owner or occupier who expressly or impliedly invites the public, or particular members of it, to come upon his premises, assumes the duty toward them of exercising reasonable care  to the end that such premises shall not contain dangerous obstructions, pitfalls, and the like, which may result in their injury. In thus stating the rule, we have adopted in large measure the language found in 1 Thompson on Negligence, section 945. The authorities supporting the text will be found fully collected in the note to said section. Now, having such rule in mind, it must be manifest that, in order to reach the conclusion that negligence on the part of the defendant in this case has been established, the evidence must make it appear that two primary propositions have been established: First, that the location, construction, and surroundings of the elevator opening through the floor were such as to make of the opening a pitfall dangerous to the unwary; second, that the plaintiff was upon the premises by the express or implied invitation of the defendant. The questions thus involved were essentially questions of fact for the jury, and as such were submitted by the trial court under instructions concerning which no complaint is made. We have outlined above what were the existing conditions in respect of the elevator opening. We may now add that there was evidence tending to prove that local customers of the house were accustomed to enter

the wareroom from the front hall door, and, as well the alley door, to give orders and to make selection of such goods as they wanted, and that this was with the knowledge and consent of the managing officers of the defendant, and at times by their express invitation. In view of this state of the record, we agree that the finding of the jury that negligence on the part of defendant had been established was fully warranted.

The question whether plaintiff had established that his accident was not contributed to by want of ordinary care on his own part was also one for the determination of the jury. Such question was submitted under instructions which counsel for appellant do not challenge or essay to criticise. In this respect, also, we think the finding of the jury, as expressed in the verdict returned, was warranted. In addition to the facts and circumstances in evidence to which we have already made reference, there was evidence tending to prove that plaintiff entered the wareroom for the purpose of getting some goods which he desired to take away with him; that, in making his way across the room to find the clerk, he was compelled to pass through between the piles of goods, and that the way was more or less obscured by darkness; that he was not aware of the existence of the elevator opening, and did not discover the same in time to save himself from falling therein. Taking all the facts and circumstances appearing, the finding that plaintiff was in the exercise of ordinary care has ample support.

We conclude that the judgment should be, and it is, AFFIRMED.