(No. 33672.—

THE PEOPLE OF THE STATE OF ILLINOIS, *vs.* HELEN ROWENA HESS *et al.*—(ULYSSES G. RANGE, SR., Appellant, *vs.* DAVID S. GOLDSTEIN, Appellee.)

*Opinion filed November 23, 1955*

DUDLEY H. THOMAS, of Waukegan, for appellant.

Mr. JUSTICE DAVIS delivered the opinion of the court:

This is an appeal from an order of the circuit court of Lake County dismissing a petition to declare void a certain

purported redemption from tax foreclosure sale, and for the issuance of a tax deed to the real estate pursuant to statute. (Ill. Rev. Stat. 1953, chap. 120, par. 747.) Petitioner claims a freehold is involved giving this court jurisdiction on direct appeal.

Insofar as it is material here, the petition alleged that petitioner was the purchaser of the subject real estate at a tax foreclosure sale; that less than five and more than three months of the period of redemption remained; that no valid redemption of the property had been made; and that the purported redemption of the defendant Goldstein, as owner of all the shares of stock of Stylecraft Apparel Corporation, was void on the following grounds: (1) that Stylecraft fraudulently concealed its ownership of the premises in a bankruptcy proceeding prior to its dissolution; (2) that defendant Goldstein had no interest in the premises, and (3) that he did not own all the shares of Stylecraft at the time of dissolution. The petition prayed that the court find the pretended redemption void and order that, if the premises are not redeemed, petitioner is entitled to a deed. By his answer defendant put in issue all the factual grounds for declaring the purported redemption void.

At the hearing, held subsequent to the expiration of the period of redemption, it was stipulated or clearly proved that the Stylecraft Apparel Corporation was the last record owner of the premises; that Stylecraft went into bankruptcy in 1932; that it did not list the subject real estate as an asset in bankruptcy; that the corporation was dissolved in 1935; and that defendant Goldstein paid in the full amount of the redemption money in due time, purporting to redeem as sole stockholder of the dissolved corporation.

Defendant Goldstein testified that he is the owner of all the stock of Stylecraft; that stock certificates were never made out or issued; that his son, Saul Goldstein, his

brother-in-law, Leon Kessie, and one McElwee were the incorporators, but defendant Goldstein supplied all the capital in the form of money and property; that he was running the business and in charge of everything; that he signed the checks and made loans; that he had seen the stock book and there were no entries in it that he knew of; and that he had the three incorporators appointed officers when the corporation was organized. The charter of the corporation shows that the three incorporators each subscribed and paid in $20,000 for shares in the corporation. Goldstein also testified that Kessie and McElwee were dead, and that he had tried to find the books of the corporation for several years but had been unsuccessful.

At the conclusion of defendant's testimony, petitioner moved to strike on the ground that proof of ownership could only be made by the corporate books, and that no sufficient foundation had been laid for secondary evidence of the contents of the corporate records. This motion was denied.

At the conclusion of the hearing, subsequent to the expiration of the period of redemption, the trial court found that defendant Goldstein had duly redeemed the premises and dismissed the petition for want of equity.

Petitioner's theory on this appeal is that defendant has the burden of showing an interest in the real estate entitling him to redeem; that this can be shown only by the books of the corporation; that there is no showing that the books have been lost so as to permit secondary evidence of their contents. Petitioner further contends that the failure to disclose assets in the prior bankruptcy proceedings prevents defendant from now asserting any rights in those assets. Defendant has filed no appearance or brief in this court supporting the decree below.

At the outset we are confronted with a question of our jurisdiction on direct appeal. Petitioner claims a freehold is involved. This court will not take jurisdiction unless

a freehold is actually involved, and will consider this question even though not raised by the parties. *Johnson* v. *Sarver*, 413 Ill. 626; *Streator Federal Savings & Loan Assn.* v. *Benckendorf*, 413 Ill. 280; *Jones* v. *Horrom*, 363 Ill. 193.

The rules for determining if a freehold is involved have been so often stated by this court as to become axiomatic, but their application to individual cases has unfortunately been a frequent source of argument before this court. In the interest of clarifying the application of the rule in redemption cases, we feel that the freehold issue here merits consideration. We have often stated that a freehold is involved only where either the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or where the title to a freehold is so put in issue by the pleadings that the determination of the case necessarily requires a decision with respect to the ownership of the real estate in controversy. *Johnson* v. *Sarver*, 413 Ill. 626; *Neale* v. *Parks*, 408 Ill. 212; *Horner* v. *Winnebago County*, 396 Ill. 382.

Ordinarily a decree establishing a right of redemption does not involve a freehold since the loss or gain of a freehold would not be the necessary result of the decree but would depend upon the subsequent action or inaction of the party whose right to redeem had been determined. (*Ziegler* v. *Perbix*, 380 Ill. 264; *Carlson* v. *Chicago Title and Trust Co.* 375 Ill. 125.) But in the case at bar the redemption money had been paid, and a certificate of redemption issued, so that the result of the decree is to deny to the purchaser at the tax sale his right to a freehold. (*Illinois National Bank of Springfield* v. *Gwinn*, 390 Ill. 345.) We also pointed out in *Klein* v. *Mangan*, 369 Ill. 645, that the interest of the holder of a certificate of purchase is not a freehold interest, but merely the right to receive a deed if the premises are not redeemed. However,

it appears that, at the time of the hearing and decree in the trial court, the period of redemption had expired, and no redemption had been made except the purported redemption in issue here. It must necessarily follow that if the purported redemption were void, the petitioner would be immediately entitled to a freehold estate upon his petition. As a result of the posture of the case below, the decree necessarily determined whether petitioner was to gain or lose a freehold. We accordingly hold that this court has jurisdiction of this appeal. *Illinois National Bank of Springfield* v. *Gwinn,* 390 Ill. 345.

Turning now to the matters raised upon this appeal, we come to the contention that defendant has failed to meet the burden of showing a right to redeem. Petitioner claims his testimony of stock ownership should be stricken for the reason that it amounted to secondary evidence of the corporate records without a sufficient foundation being laid as to their loss or destruction.

We think it clear that a complete stranger to property is given no right to redeem by either section 5 of article IX of the constitution, or the statute in the instant case. (Ill. Rev. Stat. 1955, chap. 120, par. 734.) However, these constitutional and statutory provisions do not require complete legal title, but only an undefined "interest" in the real estate. The degree of proof necessary to establish such a right of redemption is a novel question, and we are cited to no authority that is decisive in the instant case.

Petitioner does not contend that a shareholder of a dissolved corporation may not redeem property of the late corporation, but contends that defendant has not met the burden of proof in this regard. But he does contend that the relationship of stockholder may be shown only by a certificate of shares or the corporate records, and that all of defendant's testimony should be stricken as improper secondary evidence of the corporate records.

We believe the petitioner has misconceived the import of defendant's testimony. It was a mixture of fact and conclusion. He testified that he owned all the shares of Stylecraft, a mixed question of law and fact; and that he supplied all the capital of the venture and ran the business, a pure question of fact. He testified that no certificates were issued, and that the officers and incorporators were merely his nominees. The corporate charter was introduced by petitioner showing a $60,000 stock subscription paid in by three persons, the alleged nominees of defendant.

We do not understand the testimony of defendant to be secondary proof of corporate records as charged by petitioner. It is rather a story of a paper corporation, which, if defendant is to be believed, was owned by him and operated by him through his son, brother-in-law, and another nominee.. The testimony of defendant does not attempt to contradict the provisions of the charter of the corporation which was offered by petitioner to show the record subscriptions and payment for shares by the three nominees. It is a statement that he paid in the capital and ran the company. To that extent it is competent. In our view of this testimony we are not called upon to determine if a proper foundation was laid for the introduction of secondary evidence of matters contained in the corporate records. (Cf. *Mullanphy Savings Bank* v. *Schott,* 135 Ill. 655.) The testimony of the defendant was uncontradicted, and the trial court, having heard the witness and seen his demeanor on the stand, was entitled to find that defendant had contributed all the capital and operated Stylecraft through his three nominees.

We are next faced with the question of whether a person who supplies the capital and operates a corporation through nominees or agents has such an interest in corporate real estate after dissolution as entitles him to redeem. We have often said that the law favors redemption, unless injury results to the purchaser at the sale. (*Skach*

v. *Sykora*, 6 Ill. 2d 215; *Mohr* v. *Sibthorp*, 395 Ill. 418; *Hruby* v. *Steinman*, 374 Ill. 465.) We have also held that a color of authority to act for the persons entitled to redeem is sufficient. (*Houston* v. *Buer*, 117 Ill. 324.) In the *Houston case* a person who had previously dealt with land for the owner learned of a foreclosure sale. Unable to contact the owner, he made a purported redemption of the land. His right to redeem was upheld on the ground that his contact with the owner and his prior dealings with the land gave him some color of authority sufficient to redeem.

It is well recognized that the beneficial owner of stock may use it as his own even though it appears in the name of a nominee upon the corporate records. (*Gahagan* v. *Whitney*, 359 Ill. 419; *Nolan* v. *American Telephone and Telegraph Co.* 326 Ill. App. 328.) In the instant case the uncontradicted testimony of defendant that he had contributed all the capital and had managed the corporation through three nominees, and the corporate charter showing that these three nominees were the incorporators and record subscribers, constituted sufficient evidence to show defendant to be the equitable owner of the corporate shares. As such an equitable owner of the shares of the dissolved corporation, he has the constitutional and statutory right to redeem.

Concluding that the testimony of defendant established a *prima facie* right to redeem, we come to a second novel question in this State. Does the failure of the corporation to disclose the ownership of this real estate in a prior bankruptcy proceeding prevent it, or one claiming through it, from asserting any rights to the real estate after discharge? In *Laing* v. *Fish*, 119 Ill. App. 645, plaintiff sued to recover certain amounts due him under a contract for a percentage of profits. The Appellate Court held that the omission of the interest in the contract in his bankrutcy schedule was a good defense to the suit, but suggested that the ruling

might be otherwise if real estate were involved.

In referring to other jurisdictions we find the decisions in hopeless conflict. Some bar the discharged bankrupt from all rights in undisclosed property. (*First National Bank* v. *Lasater,* 196 U.S. 115; *Rand* v. *Sage,* 94 Minn. 344, 102 N.W. 864; *Jones* v. *Barnes,* 107 Miss. 800, 66 So. 212.) Others permit a bankrupt to assert any right in undisclosed assets against third persons. (*Wilsey* v. *Jewett Bros.* 122 Iowa 315, 98 N.W. 114; *Steevens* v. *Earles,* 25 Mich. 40; *Lancy* v. *Foss,* 88 Me. 215, 33 Atl. 1071.) Courts have distinguished between cases involving land and those involving chattels, (*Herndon* v. *Davenport,* 75 Tex. 462, 12 S.W. 1111; *Jones* v. *Pyron,* 57 Tex. 47; *Laing* v. *Fish,* 119 Ill. App. 645,) and between fraud and unintentional nondisclosure. *Stipe* v. *Jefferson,* 192 Minn. 504, 257 N.W. 99.

We have noted no case bearing directly on the rights of a bankrupt or his successor to redeem from a foreclosure sale, nor are we able to reconcile the logic of the foregoing decisions. On the basis of what we believe to be sound reasoning we are inclined to hold that, in the case at bar, the failure to disclose is a matter which concerns only the creditors or trustee in bankruptcy. As stated by the Supreme Court of Iowa in *Wilsey* v. *Jewett Bros.* 122 Iowa, 315, 98 N.W. 114: "* * * if there was any wrong committed in not scheduling the claim, it was not a wrong done to this defendant. It was in no sense prejudiced thereby, and there is no principle upon which to rest a holding that its liability became extinguished by reason of such fact. If plaintiff procured his discharge in the bankruptcy court wrongfully, it is for his creditors to complain, and it is for the bankruptcy court to move in the direction of righting the wrong."

In the case at bar the equities appear clear. Petitioner, by his purchase at the foreclosure sale, became entitled to no more than the redemption money. It avails him nothing

that he may be deprived of a deed, for his right to the land is no higher or more sacred than the redemption money. (*Skach* v. *Sykora,* 6 Ill. 2d 215; *Hruby* v. *Steinman,* 374 Ill. 465; *Phillips* v. *Demoss,* 14 Ill. 410.) Defendant, on the other hand, on the basis of his uncontradicted testimony, contributed all the capital and operated the dissolved corporate owner of the realty. If he had no legal title, he certainly had an equitable interest in the premises as against his nominees. We have held that such interest was sufficient to permit him to redeem in the absence of other considerations. Then does the collateral question of the 1932 bankruptcy proceeding render that redemption void? We cannot feel that it does. Petitioner himself points out a conclusive argument to the contrary when he states that even now a creditor of Stylecraft can petition to reopen the estate and administer this asset if fraud has been done. (T. 11 U.S.C.A., sec. 11(8).) But obviously no such petition would avail against petitioner in the absence of redemption. However, we are not called upon in this decision to determine the rights of the creditors of Stylecraft, if any, upon the event of this redemption.

The evidence tended to show that these premises were mortgaged at the time of the prior bankruptcy. Petitioner attempted to offer evidence which he claimed would constitute a fraud in bankruptcy. After twenty years these matters of proof are difficult at best. They have no place in this collateral proceeding which can only determine if the defendant is within the constitutional and statutory class of persons entitled to redeem.

The decree of the trial court is accordingly affirmed.

*Decree affirmed.*