*In re* APPLICATION OF COUNTY COLLECTOR.—(THE JOHN ALLAN COMPANY, Petitioner-Appellant, *v.* GWENDOLYN CAMPBELL, Respondent-Appellee.)

Third District   No. 76-523

Opinion filed June 27, 1977.

Allan L. Blair, of Chicago, for appellant.

Edward Petka, State's Attorney, of Joliet (William R. Penn and Jose Nunes, Assistant State's Attorneys, of counsel), for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
Petitioner John Allan Company (Allan) petitioned the Circuit Court of Will County for the issuance of tax deeds to four parcels of real estate which had been sold at public sale for nonpayment of real estate taxes. At the first hearing on the petition on October 8, 1975, respondent

Gwendolyn Campbell appeared *pro se* to request an additional 30 days in which to redeem the property. On August 30, 1976, after several continuances of the hearing, the trial court entered an order granting respondent a 30-day extension of the period of redemption. Respondent redeemed the properties on September 28, 1976, and on September 30, 1976, the trial court entered an order denying Allan's petition for issuance of tax deeds. On appeal petitioner Allan argues that (1) respondent is not a proper party, designated by statute, to secure an extension of the redemption period, (2) respondent's request for an extension of the redemption period was neither timely made nor timely granted, (3) respondent is only entitled to an extension of the redemption period on one of the parcels of real estate, and (4) the trial court erroneously ignored petitioner's evidence with respect to attorney's fees.

The properties involved in this proceeding consist of four contiguous subdivision lots fronting on the west side of Cayuga Street, located on the northwest corner of the intersection of Cayuga Street and Belmont Street, in Joliet, Will County, Illinois. Approximately 30 years ago Amos Campbell and respondent Gwendolyn Campbell, husband and wife, purchased these properties. The corner lot is improved with a residence in which Amos and Gwendolyn Campbell lived until they were divorced, and in which Gwendolyn Campbell has lived uninterruptedly for more than 30 years. An additional lot is also improved with a residence, which is currently occupied by respondent's widowed daughter, Marilyn Houston, and her children.

At the time the Campbells purchased the property, George Holthusen was a neighbor, and grew to be a friend of the family. Holthusen, while not a real estate broker or salesman and while unable to read or write, has dealt in real estate all his life and makes a living dealing in real estate. It appears that Holthusen is familiar with the procedures for obtaining tax deeds, having bought properties at tax sales and obtained more than 100 tax deeds.

At sometime during 1969, Holthusen offered to assist respondent in correcting some problems with the real estate involved in this action. It appears that while, at the time of the Campbell's divorce 20 years ago, the property in question was decreed to be the property of respondent Gwendolyn Campbell and her children, the records failed to show Amos Campbell divested of his interest. Holthusen offered to have his attorney prepare deeds conveying the interests of Amos Campbell, his second wife, and the children of Amos Campbell and Gwendolyn Campbell in order to make Gwendolyn Campbell the sole owner of the property. It also appears that at this time the subject property had been sold for taxes for the years 1965, 1966, and 1967, redemption from which was to expire on September 30, 1969. Gwendolyn Campbell needed money to redeem

the property from these sales, and Holthusen loaned her the necessary funds.

These transactions culminated with the execution of the several deeds required to consolidate title to the property, conveying the property to Union National Bank and Trust Company Trust No. 150, a land trust established in 1962 whose only beneficiary was Holthusen. These conveyances were made to provide security for Holthusen's loan to respondent. On September 30, 1969, respondent and Holthusen, individually and as sole beneficiary of the Union National trust, executed a written agreement providing that if respondent paid Holthusen $2,500 within five years of the date of the instrument, Holthusen would quitclaim the properties to respondent.

Subsequently, the real estate taxes on the property for the year 1971 were not paid, and on March 2, 1973, the premises were sold for nonpayment of 1971 taxes to Interstate Bond Company. Additionally, taxes were not paid on the property in question in the years 1972 and 1973. During the month of September 1975 Holthusen advised respondent and her daughter Marilyn Houston to go to the county clerk's office and pay the taxes. On September 22, 1975, respondent and Marilyn Houston went to the Will County clerk's office, and apparently by oversight, a deputy clerk informed respondent that the sum of $1,009.06 was due for delinquent taxes on the subject real estate, which sum was then paid by respondent. However, the sum paid redeemed only the delinquent taxes for the years 1972 and 1973, and left the 1971 taxes unpaid.

During May 1975 the clerk of the Circuit Court of Will County had sent a notice to the Union National Bank and Trust Company, Trust No. 150, to Gwendolyn Campbell, and to Marilyn Houston, advising that the subject property had been sold for delinquent taxes for 1971, that the period of redemption would expire September 26, 1975, that a petition had been filed for a tax deed, and that a hearing would be held on the matter on October 8, 1975. When the county clerk's office learned, a few days prior to October 8, 1975, that the respondent had not redeemed from the 1971 tax sale, respondent was contacted and advised to appear at the October 8 hearing.

On October 8, 1975, Gwendolyn Campbell and Marilyn Houston appeared in open court. The certificates of sale for the real estate in question had been endorsed to petitioner John Allan Company, which was represented by counsel at the hearing. Also appearing at the hearing was an assistant Will County State's Attorney. Petitioner objected to the grant of a 30-day extension to the period of redemption and (aided by the suggestion of petitioner's counsel) the trial court on its own motion continued the cause to December 8, 1975, and directed respondent to obtain legal counsel.

On November 10, 1975, respondent filed a petition asking for an extension to the period of redemption, and on November 12, 1975, petitioner filed an answer in opposition to respondent's petition. Hearings were held on the matter from time to time with the trial court concluding the hearings on April 13, 1976, and taking the cause under advisement.

On August 3, 1976, the trial court filed a memorandum opinion finding that Gwendolyn Campbell was the owner of an equitable title in the real estate sufficient to entitle her to redeem, that her application for redemption was timely made, that she should be allowed to redeem all four of the subject parcels, and finding that reasonable attorney's fees in the amount of $1,500 should be paid to petitioner. On August 30, 1976, the trial court entered an order in accordance with its memorandum and continued the cause to September 30, 1976. On September 28, 1976, Gwendolyn Campbell redeemed the subject parcels, and at the hearing on September 30 the trial court denied petitioner's petition for a tax deed. Petitioner appeals from these orders of the trial court. In addition to petitioner and respondent, the Will County State's Attorney, has participated in this appeal, as well as in the proceedings in the trial court.

The parties to this appeal agree that determination of the issues presented rests in the application of section 253 of the Revenue Act of 1939 (Ill. Rev. Stat. 1975, ch. 120, par. 734) in effect at the time the subject property was sold for delinquent taxes, which provides in part:

> "On all real property sold under provisions of this Act, after July 1, 1971, if such real property is improved with a structure consisting of at least one and not more than 4 dwelling units and one or more of said dwelling units is occupied by the owner or owners thereof as his principal place of residence at the date of the expiration of the period of redemption, upon written or oral application made at the first court hearing held pursuant to Section 266 of this Act [pertaining to hearing on petition for issuance of tax deed], the court shall grant such owner the right to redeem within 30 days after the date of such court hearing by payment of such amounts as are required by this Act for making redemptions during the period of redemption or any extended period of redemption; however, in addition thereto, there shall be added to the cost of such redemption a sum equal to the reasonable attorney's fees, costs and expenses, if any, of the owner of the certificate of purchase at the tax sale in the proceedings for the issuance of a tax deed, as determined by the court at the hearing."

We note that this provision was deleted from section 253 of the Revenue Act effective September 30, 1976.

■■ Petitioner first argues that Gwendolyn Campbell's status in

connection with the subject real estate is not sufficient to allow her an extended period of redemption under the above-cited portion of section 253 of the Revenue Act. The evidence presented to the trial court indicated that while legal and equitable title of the property was held in a land trust by the Union National Bank and Trust Company, as trustee, with Holthusen being the sole named beneficiary of the trust, respondent did have an agreement with Holthusen which entitled her to conveyance of the property upon the fulfillment of certain conditions and that Holthusen held title simply as security for payment of his loan to Campbell. Article 9, section 8(b), of the 1970 Illinois Constitution provides in part:

> "The right of redemption from all sales of real estate for the non-payment of taxes * * * shall exist in favor of owners and persons interested in such real estate for not less than two years following such sales."

The Illinois Appellate Court for the Second District considered the requisite interest for the exercise of a right of redemption, and stated in *In re Application of County Treasurer*, 16 Ill. App. 3d 385, 389-90, 306 N.E.2d 743 (2d Dist. 1973):

> "The pertinent statutory provisions implementing the constitutional right of redemption do not specifically define who is entitled to redeem and who therefore has a redeemable interest. (See Ill. Rev. Stat. 1969, ch. 120, pars. 734, 744, 747.) * * *
>
> Courts look with favor upon redemption from tax foreclosure sales and unless injury is to result to the purchaser at the sale, a liberal construction will be given redemption laws. (*Franzen v. Donichy* (1956), 9 Ill. 2d 382, 387; *People v. Hess* (1955), 7 Ill. 2d 192, 198-199; *In re County Treasurer of Du Page County* (1965), 63 Ill. App. 2d 135, 139.) Redemption, however, is a statutory privilege and must be exercised in substantial compliance with the statute. *Weiner v. Jobst* (1961), 22 Ill. 2d 11, 16-17; *Hruby v. Steinman* (1940), 374 Ill. 465, 470.
>
> While a complete stranger has no right to redeem, the constitutional and statutory provisions 'do not require complete legal title, but only an undefined "interest" in the real estate'. (*People v. Hess* (1955), 7 Ill. 2d 192, 197.) The fact that a tax petitioner may be deprived of a deed cannot be considered as injury to him since his certificate of purchase gives him no legal or equitable title in the land and his right to the land is no higher or more sacred than to the redemption money. *Hruby v. Steinman* (1940), 374 Ill. 465, 470.
>
> In a number of cases the courts have liberally upheld redemptions challenged on the ground that the redemptioner lacked sufficient interest in the real estate. In *Houston v. Buer*

(1886), 117 Ill. 324, 329, color of authority to act for a person entitled to redeem was held sufficient without proof of strict legal agency. In *People v. Hess* (1955), 7 Ill. 2d 192, 199, the stockholder of a defunct corporation whose shares were in the hands of nominees was held to be an equitable owner entitled to redeem real estate which was a corporate asset. In *Franzen v. Donichy* (1956), 9 Ill. 2d 382, 387, a mere contract to convey gave the grantee an equitable interest which was held sufficient to enable him to redeem. In *In re Application of County Collector* (1966), 72 Ill. App. 2d 272, 277, an executor or administrator authorized to pay real estate taxes for the estate was held to have sufficient interest in the real estate to redeem. And this court has held that the grantee of an heir of the contract purchaser who received no deed had the necessary quality and quantity of interest to permit redemption. *In re Application of County Treasurer of Du Page County* (1965), 63 Ill. App. 2d 135, 139.

We are mindful of the fact that under Illinois law the land trust beneficiary has neither a legal nor an equitable interest in the real estate conveyed in trust. [Citations.] * * *

We therefore conclude that although the beneficiary of a land trust has no legal or equitable estate in the subject real estate, he is a 'person interested' in the real estate and has an 'interest' in the land sufficient to permit him to redeem. (*People v. Hess* (1955), 7 Ill. 2d 192, 197.) Construing the right of redemption to extend to land trust beneficiaries is consistent with section 5 of article IX of the 1870 Constitution which [along with section 8(b) of the 1970 Constitution] uses the more informal phrase 'persons interested in the real estate' rather than a more precise phrase such as 'persons having a legal or equitable interest in the real estate', which conceivably might have been used if strict legal or equitable interests were intended."

In the instant case the record establishes that respondent lived on the subject property for more than 30 years, and that for more than 20 of those years she had a record interest in the property. While the property was deeded in 1969 to a land trust, the sole beneficiary of the land trust acknowledged that his interest was to secure repayment of his loan to respondent. Although the agreement for conveyance of the property back to respondent was ostensibly limited to a period of five years, Holthusen indicated that due to his acquaintance with respondent, he did not strictly enforce the time limitation. We conclude that the trial court properly determined that respondent had a sufficient interest in the property so as to entitle her to redeem.

Petitioner argues that various sections of the Revenue Act distinguish

between "owners" and "owners and persons interested in real estate," and that the provision of section 253 allowing a 30-day extension of the redemption period is specifically limited to "owners" of real estate. However, in view of judicial favor towards redemption and of lack of apparent injury to purchasers at the tax sale in allowing redemption in this case, we conclude that the trial court's construction of the 30-day extension provision of section 253, allowing a respondent in this case redemption rights within the extension period, was proper.

Petitioner next argues that respondent's request for an extension was not timely, and that the time extension granted by the trial court was in excess of that authorized by statute. Section 253 provides in relevant part:

> "* * * upon written or oral application made at the first court hearing held pursuant to Section 266 of this Act, the court shall grant such owner the right to redeem within 30 days after the date of such court hearing * * *."

It is clear from the discussions among the trial court, petitioner's attorney, and the Will County Assistant State's Attorney, and the questions asked of respondent by the trial court at the October 8, 1975, hearing, that the trial court was informed at that time that respondent desired an extension of the redemption period. Additionally, respondent's written application for an extension of time was made prior to the continuance of that first hearing, which continuance was made at least in part due to petitioner's suggestion. Under such circumstances, we find that respondent's request for an extension was timely made.

■■ Section 253 clearly states that the extension of the redemption period shall be for 30 days from the date of the first hearing on the petition for a tax deed. Since the hearings on the petition for a deed in this cause commenced on October 8, 1975, and the redemption period extension ordered by the trial court ended on September 30, 1976, petitioner argues that the trial court exceeded its statutory authority. However, numerous hearings in this cause were necessitated due to petitioner's opposition to respondent's request for an extension. We believe that petitioner cannot, by opposing the request for an extension, delay the proceedings and thereby deprive respondent of her extension of the redemption period. We conclude that the trial court's order, granting respondent 30 days after the resolution of the petitioner's objections to the extension period, was within the trial court's proper authority.

■■ Petitioner next argues that the trial court erred in granting respondent an extension of the redemption period with respect to all four of the subject tax parcels, rather than with respect to the one parcel on which respondent lived. The record indicates that all four tax parcels were purchased by respondent and her ex-husband at the same time more than 30 years ago. The four lots are contiguous, and it appears that the

septic facilities for the improved lots may spread under the adjacent vacant lots. All four lots were conveyed as a unit to the Holthusen trust in 1969. We conclude that the trial court did not err in treating the parcels as one unit for purposes of redemption in spite of the fact that for tax purposes the property was treated as four units.

■■ The final argument of the parties concerns the trial court's grant of $1,500 attorney's fees to petitioner. Section 253 of the Revenue Act provided that if property is redeemed by the owner-occupier, the purchaser at sale shall recover:

> "* * * a sum equal to the reasonable attorney's fees, costs and expenses, if any, of the owner of the certificate of purchase at the tax sale in the proceedings for the issuance of a tax deed, as determined by the court at the hearing."

Petitioner argues that in setting the amount of attorney's fees, the trial court erroneously ignored petitioner's evidence, testimony of petitioner's attorney, on the value of the attorney's services rendered. However, as the court stated in *Richheimer v. Richheimer*, 59 Ill. App. 2d 354, 365, 208 N.E.2d 346 (1st Dist. 1965):

> "It has been the rule in this state for many years that courts will not be bound by the opinion of attorneys as to what constitutes reasonable attorney's fees. The courts may use the knowledge they have acquired in the discharge of professional duties as to the value of legal services rendered."

Additionally, the Will County State's Attorney argues that the award for attorney's fees is excessive, inasmuch as it includes compensation for services rendered in opposing respondent's request for an extension of the redemption period. Nonetheless, we conclude on the basis of the record, that the amount of attorney's fees was set properly within the discretion of the trial court.

The judgment of the Circuit Court of Will County is affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.