FIFTH DIVISION

 JANUARY 25, 2002

No. 1-01-0570

In
 
re
 APPLICATION OF THE COUNTY ) Appeal from the

TREASURER AND 
ex
 
officio
 COUNTY ) Circuit Court of

COLLECTOR OF COOK COUNTY, ILLINOIS ) Cook County.

 )

(Random Corporation, )

 )

Petitioner-Appellee, ) 99COTD 300

 )

v. )

 )

IMG, Inc., ) The Honorable

 ) Marcia Maras,

Respondent-Appellant). ) Judge Presiding.

JUSTICE GREIMAN delivered the opinion of the court:

In 1993 Odessa Bell, as grantor, conveyed a vacant parcel of real estate in the City of Chicago to Johnny Calvin Smith by

quitclaim deed.  Although the grantee is designated as "Johnny Calvin Smith," the instrument directs the recorder of deeds to mail the recorded document to "Johnny C. Smith" and directs that future real estate tax bills be mailed to "Johnny C. Smith."

Sometime thereafter, the real estate taxes on the premises went unpaid and Random Corp. purchased the taxes at a tax sale.  On February 1, 1999, Random Corp. filed a petition for the issuance of a tax deed and allegedly served notices on necessary parties, the period of redemption being extended to June 30, 1999.

On June 25, 1999, five days before the redemption period ended, Johnny C. Smith executed a quitclaim deed to IMG, Inc. which deed was recorded on that day.  IMG, Inc., paid $300 to Johnny C. Smith as a consideration for the purchase.

Thereafter, but prior to the termination of the period of redemption, IMG, Inc., redeemed the property from the tax sale by the payment of all of the taxes and fees then due, which totaled $10,095.98.  Random Corp. then filed a petition to expunge IMG, Inc.'s redemption alleging that IMG, Inc., did not have a valid interest in the property at the time of the redemption since "Johnny Calvin Smith" was designated as the grantee in the 1993 quitclaim deed and "Johnny C. Smith" was the grantor in the 1999 quitclaim deed which allegedly conveyed title to the premises to IMG, Inc.

On January 19, 2000, IMG, Inc., filed a motion to dismiss Random Corp.'s petition to expunge the redemption, attaching to its motion a copy of the recorded quitclaim deed from "Johnny C. Smith" to IMG, Inc.

At the subsequent hearing on the motion to dismiss, the trial court heard testimony from Suzie Baba Wilson, on behalf of Random Corp., and admitted seven documents into evidence by stipulation.  Suzie Baba Wilson testified to the following: (1) Johnny Calvin Smith is the record owner of the property; (2) IMG, Inc., redeemed the property from the subject tax sale; (3) IMG, Inc., obtained a fee interest in the property so that it could redeem the property from a tax sale, thereby preventing Random Corp., the tax purchaser, from obtaining a tax deed; (4) an individual named Johnny C. Smith quitclaimed the subject property to IMG, Inc.; (5) the address of Johnny C. Smith is 525 West Eugenie, Chicago, Illinois; (6) the voter's registration for Johnny C. Smith at 525 West Eugenie, Chicago, Illinois, contained a telephone number and a birth date of April 27, 1951, but that when she called the telephone number a woman answered and told her that Johnny C. Smith did not live there; (7) according to the Phone Disc computer program, the telephone number listed on the voter's registration card is the same telephone number listed to June G. Edward at 525 West Eugenie, Chicago, Illinois; and, lastly, (8) the birth certificate for Johnny Calvin Smith, Jr., lists April 27, 1951, as his birth date and June G. Edward as his mother.

The documents admitted in evidence at the hearing by way of stipulation included: (1) a title report dated July 28, 1998, showing that Johnny Calvin Smith owned the property at issue; (2) a certified copy of the 1993 quitclaim deed from Odessa Bell to Johnny Calvin Smith which also designated Johnny C. Smith as the individual to receive the recorded deed and to receive the real estate tax bills; (3) a certified copy of the 1999 quitclaim deed from Johnny C. Smith to IMG, Inc., signed by Johnny C. Smith; (4) a certified copy of a voter's registration card registered to Johnny C. Smith containing the signature of Johnny C. Smith of 525 West Eugenie, Chicago, Illinois, born April 27, 1951; and (5) the birth certificate of Johnny Calvin Smith, Jr., born April 27, 1951.  Additionally, the evidence at trial showed that Random Corp. sent notices to Johnny C. Smith's 1993 address of 1141 North Noble, Chicago, Illinois, rather than to his 1999 address of 525 West Eugenie, Chicago, Illinois, address despite the fact that the documents admitted at the hearing demonstrated that his 1999 address was easily accessible.  It was uncontested at the hearing that Johnny C. Smith's 1999 address matched the address on the 1999 quitclaim deed, driver's license and voter's registration card.  At the hearing, Random Corp. never explained why it failed to send notices to Johnny C. Smith's 1999 address.

On April 3, 2000, the trial court entered an order granting Random Corp.'s petition to expunge the redemption and denying IMG, Inc.'s motion to dismiss.  The April 3, 2000, order does not set out the trial court's reasoning for its holding.  We can only presume that the trial court concluded that Random Corp. met its burden of showing that Johnny C. Smith, the grantor of the quitclaim deed to IMG, Inc., is not the same person as Johnny Calvin Smith, the grantee of the 1993 deed for the same parcel of property.

Thereafter, upon Random Corp.'s application for an order directing the county clerk to issue a tax deed and upon consideration of various motions raised in connection therewith, the trial court on January 4, 2001, entered a final order directing the county clerk to issue a tax deed and for various other matters of relief.  IMG, Inc., now appeals from those orders and we reverse and hold that IMG, Inc., was entitled to redeem the subject premises.

In Illinois, redemptions are to be encouraged as we are mindful that "[s]ection 21-345 (of the Property Tax Code (35 ILCS 200/21-345 (West 1998)), creates a presumption that redemption has been made by or on behalf of the owners and persons interested in the property."   
In re Application of the County Treasurer & ex officio County Collector of McHenry County
, 301 Ill. App. 3d 672, 676 (1998).  Accordingly, Random Corp. had the burden to show that IMG, Inc., had no legal or equitable interest in the subject premises.  Random Corp. attempted to satisfy this burden by suggesting that the 1999 transfer from Johnny C. Smith to IMG, Inc., was an interloper deed and that the "Johnny C. Smith" designated as grantor in the 1999 quitclaim deed was someone other than "Johnny Calvin Smith," the grantee in the 1993 quitclaim deed.

The statute that regulates the right of redemption makes it clear that the right exists "in any owner or person interested in that property *** whether or not the interest in the property sold is recorded or filed."  35 ILCS 200/21-345 (West 1998).  Moreover, such redemptions shall inure to the benefit of the persons having the legal or equitable title to the property redeemed and no redemption shall be held invalid by reason of the failure of the person redeeming to have recorded or filed the document evidencing an interest in the property prior to redemption.  35 ILCS 200/21-345 (West 1998).

Even an owner's title insurer has standing to redeem the delinquent taxes.  
In re Application of the County Treasurer
, 301 Ill. App. 3d 672 (1998).

Similarly, a contract purchaser from a party who had previously conveyed the premises by deed to another which deed was unrecorded has been allowed to redeem the real estate taxes.  
In re Application of the Cook County Treasurer
, 185 Ill. 2d 428 (1998).  A similar right of redemption was accorded the shareholder of a dissolved corporation.  
People v. Hess
, 7 Ill. 2d 192 (1955).

The record clearly indicates that the "Johnny Calvin Smith" grantee of the 1993 deed is the same person as the "Johnny C. Smith" grantor of the 1999 quitclaim deed.

Illinois courts have previously had to consider the impact or effect of a misnomer of a party in a deed or conveyance.  Generally, where an interest is conveyed to a fictitious grantee, no estate or interest is conveyed.  However, "where the parties intend to pass a present estate to an existent grantee but under a name other than the correct one, such a conveyance passes title to the intended grantee."  
Chance v. Kimbrell
, 376 Ill. 615, 621 (1941).

For a long time, a similar rule has obtained with respect to the misnomer of a corporation and it has the same effect as the misnomer of an individual, and "when the true name is necessarily to be collected from the instrument in which such misnomer occurs, or is shown by proper averments, a grant by deed to a corporation, or a contract with it, will not be invalidated thereby."  
Church of Christ v. Christian Church
, 193 Ill. 144, 150 (1901).

Similar rules have also been applied to mortgage documents where a party has inadvertently misstated the named parties.  
Lakeview Trust & Savings Bank v. Estrada
, 134 Ill. App. 3d 792 (1985).  

In the case at bar, Random Corp. has a particularly heavy burden by reason of the statutory presumption created as to the standing of one who redeems from a tax sale.

Accordingly, since Random Corp. has been unable to satisfy its heavy burden, we must find that the misnomer of the grantor in the 1999 quitclaim deed does not affect the right of IMG, Inc., to redeem and, in fact, it became the record owner of the property through an unbroken chain of title.

We reverse the trial court's order granting Random Corp.'s petition to expunge the redemption and direct that the trial court enter such orders as may be consistent with this opinion.

Reversed.

    CAMPBELL, P.J., and QUINN, J., concur.