*In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR OF McHENRY COUNTY, for Judgment and Order of Sale Against Real Estate Returned Delinquent for Nonpayment of General Taxes and Special Assessments for the Year 1993 and Prior Years (Choice Properties, Inc., Petitioner-Appellant, v. Intercounty National Title Insurance Company, Respondent-Appellee).

Second District   No. 2—97—1269

Opinion filed December 22, 1998.

Thaddeus M. Bond, Jr., of Law Offices of Thaddeus M. Bond, Jr., & Associates, of Waukegan, for appellant.

Craig S. Krandel and Jason E. Orth, both of Weisz & Michling, of Woodstock, for appellee.

JUSTICE THOMAS delivered the opinion of the court:

Petitioner, Choice Properties, Inc., purchased property at a tax sale, received a certificate of purchase, and petitioned for a tax deed. Later, respondent, Intercounty National Title Insurance Company, paid the delinquent taxes. Relying on *In re Application for Judgment & Sale by the County Treasurer & ex officio County Collector*, 276 Ill. App. 3d 1084 (5th Dist. 1995) (*Galmon*), the circuit court awarded petitioner a tax deed, ruling that respondent's failure to file a written protest negated its attempted redemption. On respondent's motion to reconsider, the court reversed itself and held that, under our intervening decision in *In re Application of the County Treasurer & ex officio County Collector*, 292 Ill. App. 3d 310 (2d Dist. 1997) (*Bluegreen*), respondent did not need to file a written protest because it sought to redeem without challenging the petition for a tax deed.

Petitioner appeals, arguing that respondent's purported redemption was ineffective because (1) respondent was not an owner or other person interested in the property, as required by section 21—345 of the Property Tax Code (Code) (35 ILCS 200/21—345 (West 1996)); and (2) even if respondent could redeem, it had to file a written protest to

do so. We hold that respondent could redeem on behalf of the present owners without filing a protest. Therefore, petitioner was not entitled to a tax deed and the trial court's judgment must be affirmed.

Most of the facts are undisputed. Respondent insures the title of the present owners, who bought the property (several distinctly identified parcels) some time after the prior owner failed to pay the 1993 taxes. Respondent conceded that, in insuring the present owners' title, it simply overlooked the existing tax delinquency. In November 1994, at a court-ordered sale, petitioner bought the property. In February 1997, petitioner filed its petition for a tax deed. Respondent timely tendered redemption monies, but petitioner refused the payment.

In the circuit court, petitioner argued first that respondent could not redeem because section 21—345 limits redemptions to owners or other parties interested in the property and respondent belonged to neither group. Petitioner asserted second that, under *Galmon*, respondent forwent any redemption right it had by failing to file a written protest as required by section 21—380 of the Code (35 ILCS 200/21—380 (West 1996)).

The circuit court initially held for petitioner, relying on *Galmon*. Respondent moved to reconsider. The parties disagreed both over whether respondent needed to file a written protest and over whether respondent was eligible to redeem the property. Petitioner asserted that respondent's role in protecting the present owners' title to the property did not make respondent "interested" in the property as section 21—345 required. Respondent replied that its contracts for title insurance obligated it to redeem the property by paying any delinquent taxes on behalf of the present owners.

Not all the details of respondent's redemption attempt are clear from the record. Petitioner claimed that respondent admitted to having attempted to redeem in its own name rather than the names of the owners. However, respondent's motion to reconsider asserted that "the redemption monies submitted *** were made [*sic*] specifically in the name [*sic*] of the owners." At the hearing on the motion to reconsider, respondent's counsel stated that respondent had tendered the redemption money "on behalf of" the present owners.

The trial court reversed its earlier ruling. Relying in part on *Bluegreen*, which we decided after the original ruling on the petition for a tax deed, the court held that respondent was eligible to redeem on the owners' behalf without filing a written protest. Petitioner timely appealed.

Petitioner reiterates its arguments before the trial court that (1) respondent was not eligible to redeem because it lacked the interest required by section 21—345; and (2) respondent's attempted redemp-

tion was defective because respondent did not redeem under protest in accordance with section 21—380.

■ We may summarily dispose of petitioner's second contention, as our recent decision in *Bluegreen* controls the issue. We adhere to our holding that, even after a petition for a tax deed has been filed, a party may redeem without protest and without challenging the petition, and thus without following section 21—380's protest procedures. See *Bluegreen*, 292 Ill. App. 3d at 315. The trial court correctly decided that, if respondent could redeem at all, it could do so without filing a written protest.

■ Petitioner's other claim of error—that respondent was not eligible to redeem at all—requires more discussion. We have found no case law addressing specifically whether a title insurer for a property owner may redeem by paying the delinquent property taxes. This issue is governed by section 21—345, which, as pertinent here, states:

"Property sold under this Code may be redeemed only by those persons having a right of redemption as defined in this Section and only in accordance with this Code.

A right to redeem property from any sale under this Code shall exist in any owner or person interested in the property *** whether or not the interest in that property sold is recorded or filed. Any redemption shall be presumed to have been made by or on behalf of the owners and persons interested in the property and shall inure to the benefit of the persons having the legal or equitable title to the property redeemed, subject to the right of the person making the redemption to be reimbursed by the persons benefited." 35 ILCS 200/21—345 (West 1996).

According to petitioner, respondent is not an owner or "person interested in the property," having only a contractual connection to the present owners. Respondent counters that section 21—345 lets it redeem on behalf of the present owners, who are without dispute eligible to redeem under section 21—345.

■ Our goal in interpreting section 21—345 is to ascertain and effectuate the legislature's intent, to which the primary guide is the statutory language itself. See *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 397 (1994). If that language is unambiguous, we apply it straightforwardly. *Boaden v. Department of Law Enforcement*, 171 Ill. 2d 230, 237 (1996). Insofar as we find ambiguity, we construe section 21—345 liberally, as the law looks with favor on redemptions from tax sales. *Franzen v. Donichy*, 9 Ill. 2d 382, 387 (1956); *Monreal v. Sciortino*, 238 Ill. App. 3d 475, 478 (1992).

■ There is no dispute that respondent is not an "owner" of the property at issue. We also believe that, even under a liberal construc-

tion, one who does no more than insure the owners' title is not "interested in the property." An "interest" in something is a "right, claim, title, or legal share" in it. Black's Law Dictionary 812 (6th ed. 1990). Although respondent has a financial interest in the status of the property, including the soundness of the present owners' title, respondent itself does not have an interest in the property. Respondent apparently has not contended otherwise.

However, that respondent itself is not a "person interested in the property" does not dispose of the case. The present owners were eligible to redeem, and one entitled to redeem may do so through an agent or one who acts under color of his authority (*People v. Hess*, 7 Ill. 2d 192, 199 (1955); *Houston v. Buer*, 117 Ill. 324, 328-29 (1886)). What we must decide here is whether the present owners redeemed the property via respondent's payment.

Section 21—345 creates a presumption that any redemption has been made by or on behalf of the owners and persons interested in the property. 35 ILCS 200/21—345 (West 1996). We agree with *Galmon* that the language creating this presumption is straightforward and makes no exceptions. *Galmon*, 276 Ill. App. 3d at 1089. Therefore, petitioner must overcome the presumption that respondent validly redeemed on behalf of a proper party.

Petitioner argues that the presumption does not apply at all here because section 21—345 specifies that a redemption payment shall inure to the benefit of the title holders "subject to the right of the person making the redemption to be reimbursed by the person benefited" (35 ILCS 200/21—345 (West 1996)). Petitioner asserts that this language implies that a party may not redeem on the owner's behalf unless the owner has obligated himself to reimburse the paying party. We think this interpretation follows neither the natural import of the words nor the rule of liberal construction in favor of encouraging redemptions. Rather, the quoted language simply recognizes and guards whatever right to reimbursement the paying party already has. We decline to read this proviso to limit the class of people who may redeem on behalf of the owner or another interested party.

As the presumption of a valid redemption applies here, we must decide whether petitioner overcame it. Section 21—345 does not set out what if any facts will rebut the presumption that a given redemption was made by or on behalf of the owner or an interested party. There is no uniform test of how much evidence is necessary to rebut a presumption. *Franciscan Sisters Health Care Corp. v. Dean*, 95 Ill. 2d 452, 463 (1983). Where the presumption is a strong one, great evidence is needed to rebut it. *Franciscan Sisters*, 95 Ill. 2d at 463. See, *e.g.*, *In re Marriage of Smith*, 265 Ill. App. 3d 249, 254 (1994) (strong

presumption that property held in joint tenancy is marital and presumption may be overcome only by clear and convincing evidence). We do not resolve here the exact level of proof needed to rebut section 21—345's presumption that a redemption has been made on behalf of a proper party. However, as the case law favors construing redemption statutes generously, we conclude that the tax purchaser's burden is substantial and not minimal. At the least, we believe that the tax purchaser must show more than that the redeeming party lacked the explicit authorization from the owner or any guarantee that the owner would reimburse it. The presumption would mean little were it rebuttable merely by the absence of evidence that the owner acted through an agent; the law creates such presumptions in order to resolve issues in the absence of firm evidence either way. Moreover, as we explain shortly, our courts have long held that the owner and the party making the redemption need not stand in a strict principal-agent relationship. Therefore, we see no reason to read such a requirement into section 21—345's somewhat indefinite language. We conclude that, on these facts, we cannot say that petitioner has overcome the presumption that respondent made a valid redemption.

The case law has long looked with favor on attempts to redeem on behalf of an owner. In *Houston v. Buer*, 117 Ill. 324 (1886), Buer's agent, Barger, managed the property and paid the taxes on Buer's behalf while Buer resided in Texas. When the agent failed to pay the taxes, Mrs. Houston bought the property at a tax sale. Later, Barger sold his business to Boyd, telling Boyd about the tax sale. Boyd and Barger tried to tell Buer that Boyd had bought out Barger. However, Buer did not learn that fact until after Boyd tried to redeem the property by paying the back taxes to Mrs. Houston's son, who was ostensibly her agent. When Mrs. Houston learned what had happened, she disputed the attempted redemption, claiming Boyd could not redeem in his own name and had no authority to do so as the agent of the owner, Buer.

The supreme court held that Boyd had validly redeemed on behalf of Buer. The redemption statute as it then read limited the right to redeem to the owner of the legal or equitable title. However, reasoning that the right to redeem should be a broad one, the court held that a "strict legal agency" was not necessary for a nonowner to act on behalf of the owner. *Houston*, 117 Ill. at 329. Thus, though a "mere stranger" could not redeem, Boyd could do so because he tendered the redemption money in good faith, under color of authority, to benefit an owner whose ratification of the act could be presumed. *Houston*, 117 Ill. at 329.

Also recognizing a broad right to redeem on another's behalf is

*Purdy v. C.H. Strong Elevator, Inc.*, 29 Ill. App. 3d 894 (1975). There, the statute allowed redemption by an owner or other person interested in the real estate. The mortgagee was such an interested party, but it did not redeem directly. Addington, who lived next to the property but was not the owner or another interested party, decided that she wanted to obtain the property. Addington told the mortgagee of her desire to redeem, and the mortgagee encouraged her to pay the redemption money. Addington did so, and the mortgagee then sold her the mortgage.

Purdy, the tax sale purchaser, argued that Addington, as a stranger to the property, could not redeem. The appellate court disagreed and affirmed the trial court's judgment for Addington. The appellate court explained that, although Addington had her own personal motives to redeem the property, she also acted on the advice and consent of the mortgagee, which encouraged the redemption so as to preserve the benefit of its mortgage. Thus, it was entirely reasonable to view Addington as the mortgagee's agent for the special and limited purpose to redeem on the mortgagee's behalf. *Purdy*, 29 Ill. App. 3d at 897-98.

Finally, in *Galmon*, the property owners' accountant (Duggan) paid the redemption amount in his own name without reference to the owners, and the certificate of redemption issued in his name alone. Some time afterward, "[i]t was *** established" that he was paying the taxes on the owners' behalf (*Galmon*, 276 Ill. App. 3d at 1086), apparently following their explicit direction to tender the amount due (*Galmon*, 276 Ill. App. 3d at 1090). After the tax purchaser received a tax deed, the county clerk canceled Duggan's certificate of redemption and the tax purchaser sold the property. The owners filed a petition to cancel the tax deed, alleging in part that Duggan acted as their agent when he redeemed the property.

The owners also argued that the tax purchaser defrauded the court by asserting that Duggan was a stranger to the chain of title and that the owners themselves had not redeemed. The owners' fraud allegation relied on the statutory presumption that Duggan redeemed on behalf of the owners. As long as the presumption held, the owners had in fact redeemed and the tax purchaser's statement otherwise was incorrect and, according to the owners, a fraud on the court.

The appellate court held in part that section 21—345 plainly raised the presumption that Duggan redeemed on behalf of the owners, even though he had no interest in the property and paid the redemption money in his own name. *Galmon*, 276 Ill. App. 3d at 1089. The court rejected any allegation of fraud or deceit, reasoning that the tax purchaser could assume the trial court knew that the law presumed Duggan had acted on the owners' behalf. *Galmon*, 276 Ill. App. 3d at

1090. Thus, in *Galmon*, although there was independent evidence that Duggan had redeemed on behalf of the owners, the court also held that section 21—345 by itself established that Duggan had done so. The statutory presumption took effect even though Duggan was merely the owners' accountant, used his own money, and redeemed in his own name.

From these cases it is plain that a party may redeem on behalf of the owner even where the party lacks any interest in the property, lacks explicit authorization from the owner, or tenders his own money without the assurance of reimbursement. Also, the mere fact that the party redeems out of his own economic interest does not mean he does not do so on the owner's behalf as well. The relationship between the owner and the redeemer may be such that a valid redemption promotes both their interests.

Applying these lessons here, we conclude that, at the very least, petitioner has not overcome the statutory presumption that respondent properly redeemed on the owners' behalf. It is not dispositive that respondent tendered its own money without the owners' explicit authorization or any promise of recompense.

Finally, given respondent's relationship to the owners and the property, applying the presumption that it acted on behalf of the owners makes sense. Respondent is no mere disinterested outsider. Rather, as the owners' title insurer, it would be expected to act on behalf of owners seeking to preserve their ownership of the property. Respondent's tender of the redemption money served its contractual obligation to the owners by providing them the clear title that they paid respondent to insure. The evidence of direct agency is slight or lacking here. Nonetheless, it is easy to envision that, in many similar cases, owners will explicitly arrange for their title insurers to redeem their property for them, thereby protecting the owners from the loss of their property and the insurer from a breach of its obligations. We cannot say that applying the statutory presumption to this case leads to an unreasonable result.

We hold that the trial court correctly upheld respondent's redemption of the property on behalf of the owners. Therefore, it did not err in denying petitioner a tax deed.

The judgment of the circuit court of McHenry County is affirmed.

Affirmed.

BOWMAN and HUTCHINSON, JJ., concur.